■ CLIFTON SPRINGS SANITARIUM Co., Respondent, v ROBERT N. WATKINS, Appellant.—Order and judgment unanimously

reversed, on the law, with costs, and plaintiff's motion denied. Memorandum: Plaintiff seeks recovery for the value of medical services rendered to defendant's 16-year-old daughter. In opposition to plaintiff's motion for summary judgment, defendant contended that he is not responsible for payment of the debt because his daughter is emancipated. He submitted an affidavit in which he asserted that more than a year before the medical services were rendered, the daughter had left the family residence, without good cause, in order to escape parental authority and discipline. In reply, plaintiff submitted an attorney's affidavit alleging, upon information and belief, that the daughter had left the family home because she was abused. Special Term erroneously granted summary judgment to plaintiff.

Family Court Act § 413 imposes an affirmative obligation of support on parents of a child under the age of 21. Emancipation of the child, however, suspends the support obligation *(Matter of Parker v Stage,* 43 NY2d 128; *Matter of Roe v Doe,* 29 NY2d 188; *Matter of Henry v Boyd,* 99 AD2d 382, *affd* 65 NY2d 645; *Matter of Wayne County Dept. of Social Servs. v Hawthorne,* 73 AD2d 789). "What constitutes emancipation is a question of law *(Crosby v Crosby,* 230 App Div 651; *Matter of Fauser v Fauser,* 50 Misc 2d 601), although whether there has been an emancipation is a question of fact" *(Gittleman v Gittleman,* 81 AD2d 632, 633). On this record, judgment as a matter of law is precluded by the factual issue of whether defendant's daughter was emancipated. (Appeal from order and judgment of Supreme Court, Ontario County, Willis, J.— summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.