■ ELIZABETH OLOCHNOWITZ, Respondent, v HOPMEIER-EVANS-GAGE AGENCY, INC., Respondent, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [639 NYS2d 496] —Yesawich Jr., J.

In March 1988, plaintiff procured a policy of automobile insurance from defendant New York Central Mutual Fire Insurance Company through defendant Hopmeier-Evans-Gage Agency, Inc. (hereinafter HEG). The policy provided, *inter alia*, uninsured motorist coverage of $25,000 per person and $25,000 per accident; no separate provision was made for "supplementary uninsured motorist insurance", commonly known as "underinsured motorist" coverage (*see*, Insurance Law § 3420 [f] [2] [A]; *Reichel v Government Empls. Ins. Co.*, 66 NY2d 1000, 1002-1003).

In July 1988, plaintiff's daughter was involved in an accident while driving the insured automobile. She eventually settled her injury claim with the other driver for the $10,000 limit of his policy, reserving her right to pursue any underinsurance benefits that might be accorded by plaintiff's policy, despite the fact that her claim for such benefits had previously been rejected by New York Central on the ground that plaintiff's policy covered only damage occasioned by uninsured motorists (those without the statutorily prescribed minimum liability coverage [*see*, Insurance Law § 5202 (c), (d)]), not those who are merely "underinsured" compared to the policyholder.

Plaintiff commenced the instant action seeking reformation of her insurance policy to include supplementary uninsured motorist ("underinsurance") coverage in the amount of $500,000 (the limit of her bodily injury liability under the policy), and charging defendants with negligence or breach of duty in failing to provide that level of underinsurance coverage. Defendants cross-claimed against each other for contribution or indemnification, and after issue was joined each moved for summary judgment dismissing the complaint and the cross claim against it. Supreme Court granted HEG's motion but denied New York Central's motion, holding that while plaintiff had not demonstrated facts sufficient to warrant reformation, nevertheless the policy, as written, must be construed as providing $25,000 of underinsurance coverage. The court made a declaration to this effect, and New York Central appeals.

An affirmance is dictated. When an automobile insurance

policy provides "uninsured motorist" coverage in an amount greater than the statutory maximum (which, at the time of the occurrence, was $10,000 per person and $20,000 per accident [see, Insurance Law former § 3420 (f) (1)]), and a premium is paid for the additional coverage, such coverage is deemed to constitute supplementary uninsured motorist (i.e., underinsurance) coverage (see, Morris v Progressive Cas. Ins. Co., 662 F Supp 1489, 1496; Matter of Travelers Ins. Co. [Magyar], 217 AD2d 954, 955; cf., Reichel v Government Empls. Ins. Co., supra, at 1004). New York Central's argument that plaintiff did not pay for the additional coverage is belied by the record, which shows that the cost of such coverage—which was the minimum amount New York Central would provide—was included in the premium charged for the policy. The fact that plaintiff did not apply for underinsurance coverage, using that term, is irrelevant, inasmuch as she applied for, received and paid for the additional amount of "uninsurance" coverage (compare, Matter of Liberty Mut. Ins. Co. v Annunziato, 187 AD2d 429), which in the circumstances presented here becomes available to her, by operation of law, as "underinsurance".

Defendants' contention that Supreme Court erred in "converting" the action from one for reformation to one for declaratory judgment is also rejected. This was not truly a conversion as contemplated by CPLR 103 but, rather, an instance where the court simply awarded the relief to which plaintiff was entitled, on the basis of the evidence adduced, under a slightly different theory than that delineated in the complaint. Essentially the court amended the complaint, sua sponte, to conform to the proof presented and the arguments advanced on the motions (see, Diemer v Diemer, 8 NY2d 206, 211-212; Matter of Honig, 213 AD2d 229). And, defendants suffered no prejudice as a result, for the complaint unmistakably sought a declaration that the policy afforded underinsured motorist coverage, albeit for the wrong reasons (see, Cahill v Regan, 5 NY2d 292, 298).

New York Central's remaining argument, that HEG's motion should not have been granted, is also meritless (see, Wied v New York Cent. Mut. Fire Ins. Co., 208 AD2d 1132, 1133-1134; Erwig v Cook Agency, 173 AD2d 439, 439-440).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.