(November 14, 1997)

■ In the Matter of JOHN D. CHESTARA, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [665 NYS2d 595] —Per Curiam. Respondent was admitted to the practice of law by this Court in 1981. He has maintained an office for the practice of law in Albany County.

Petitioner, the Committee on Professional Standards, has filed a petition charging respondent with substantial conversions of client funds and other professional misconduct. Respondent has tendered his resignation from practice by letter and affidavit substantially complying with the requirements of section 806.8 (22 NYCRR 806.8) of this Court's rules. Respondent is currently suspended from practice pending disposition of a motion by petitioner to suspend him pursuant to section 806.4 (f) (22 NYCRR 806.4 [f]) of the Court's rules.

In view of petitioner's lack of opposition to the tendered resignation and its substantial compliance with our rule, we accept the resignation and order respondent's disbarment pursuant to section 806.8 (b).

Because respondent admits substantial conversions of client funds, we also direct respondent to cooperate with petitioner, in consultation with the Lawyers' Fund for Client Protection, in the formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e).

Cardona, P. J., Mercure, Crew III, White and Spain, JJ., concur. Ordered that respondent's resignation application, submitted pursuant to section 806.8 (22 NYCRR 806.8) of this Court's rules, is accepted; and it is further ordered that respondent is disbarred, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner, in consultation with the Lawyers' Fund for Client Protection, in the formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e); and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he is forbidden to appear as an attorney and

counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended, or resigned attorneys.