■ In the Matter of WILLIAM P. KERSHAW, Appellant, v SONIA A. KERSHAW, Respondent. [701 NYS2d 739] —Cardona, P. J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered November 2, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to terminate petitioner's child support obligation.

Petitioner and respondent are the parents of a child born in 1987. In April 1998, the parties' marriage was dissolved by judgment of divorce which incorporated a January 1998 opting-out agreement. Under the terms of the agreement, the parties shared joint custody of the child with respondent retaining primary physical custody and petitioner having liberal visitation. The agreement further provided that petitioner would make child support payments of $123.39 per week which would terminate upon the occurrence of certain events, including the issuance of a court order determining petitioner to be abandoned by the child.

In May 1998, petitioner applied to Family Court for modification of the prior order of custody to, *inter alia*, establish a schedule of visitation. In August 1998, he filed an amended petition seeking, *inter alia*, a determination of abandonment by the child and the termination of his obligation to pay child support. Following a hearing, not attended by respondent, Family Court, *inter alia*, denied the amended petition and this appeal ensued.

This record discloses that, subsequent to the parties' separation in September 1996, petitioner made efforts to maintain a relationship with his daughter by sending her letters and presents and attempting to speak with her. During that time, his daughter was not receptive to visitation apparently due to the influence of respondent. In March 1998, petitioner had a suc-

cessful visit which was followed by a letter from his daughter indicating that she enjoyed seeing petitioner and wished to see him again but wanted to "take it slow". Thereafter, petitioner forwarded letters to the office of respondent's attorney addressed to his daughter which, apparently due to respondent's influence, were returned.

Under the particular circumstances presented herein, Family Court did not abuse its discretion in denying petitioner's application to terminate his child support obligation on the ground of abandonment. The facts do not reveal that the child, who was only 10 years old at the time of the hearing, chose to permanently sever her relationship with petitioner as is characteristic of cases of abandonment (*see, e.g., Matter of Chamberlin v Chamberlin*, 240 AD2d 908; *Matter of Rubino v Morgan*, 224 AD2d 903).

Irrespective of the above, in this Court's opinion the uncontroverted facts clearly support a finding that petitioner's support obligation should be suspended under a slightly different theory (*cf., Olochnowitz v Hopmeier-Evans-Gage Agency*, 225 AD2d 853, 854). The thrust of the amended petition is a request for termination of child support on the basis that petitioner's reasonable access to his daughter has been frustrated by respondent. We find that the undisputed proof in this record establishes that respondent's actions, including, among other things, exerting pressure upon the child to forego contact with her father, effectively frustrated petitioner's visitation rights (*see, Matter of Alexander v Alexander*, 129 AD2d 882; *Kaplan v Kaplan*, 75 AD2d 885). We note that there was no proof presented that suspending petitioner's child support obligation would likely result in the child becoming a public charge. Accordingly, petitioner's support obligation, excepting his obligation to comply with the health provisions contained in paragraph 11 of the opting-out agreement, is suspended pending further order of Family Court upon a showing that good-faith efforts are being exerted by respondent to restore petitioner's relationship with their daughter and secure a reasonable schedule of visitation.

Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by granting the petition to the extent that petitioner's support obligation, excepting his obligation to comply with the health provisions contained in paragraph 11 of the opting-out agreement, is suspended pending further order of the Family Court of Greene County, upon a showing that good-faith efforts are being exerted by respondent to

restore petitioner's relationship with their daughter and secure a reasonable schedule of visitation, and, as so modified, affirmed.