■ In the Matter of STEVEN E. OGBORN, Appellant, v REBECCA HILTS, Respondent. [701 NYS2d 759] —Mercure, J. P. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 2, 1999, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, to terminate his support obligation with respect to the parties' two older children.

The parties were divorced in 1991 and have four children who live with respondent. Upon reaching age 13, each of the two older children refused further visitation with petitioner

and ceased communicating with him. Petitioner thereafter commenced this proceeding to terminate his obligation to support the two older children based upon their abandonment of him. After a hearing, Family Court denied the application, resulting in this appeal by petitioner.

"[A] child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support" (*Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909). Where it is the noncustodial parent, however, who causes the breakdown in communication and visitation with his or her child, the child will not be deemed to have abandoned the parent (*see, id.*, at 910). Family Court found that petitioner caused or contributed to the breakdown in communication and visitation with his two older children based upon the children's testimony that whenever they visited with petitioner, he questioned and lectured them with regard to the custodial arrangement and also cajoled them to write letters favorable to his attempts to obtain custody. As a result, the children were upset and felt pressured, particularly during the periods when custody was being litigated. Although petitioner denied having engaged in the conduct described by the children, Family Court found the children's testimony more credible, an assessment that "is to be afforded great weight" (*Matter of Liccione v John H.*, 65 NY2d 826, 827). Our review of the record discloses no basis to disturb Family Court's conclusion that petitioner caused or contributed to the breakdown in communication and visitation with his two older children.

In view of the foregoing, we need not consider respondent's alternative argument that one of the children was not of employable age.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.