■ In the Matter of MARI J. KINNEY, Respondent, v DENNIS L. SIMONDS, SR., Appellant. (And Another Related Proceeding.) [714 NYS2d 151] —Cardona, P. J. Appeals (1) from an order of the Family Court of Broome County (Ray, J.), entered September 2, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support, and (2) from an order of said court, entered September 2, 1999, which partially dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, to find petitioner in willful violation of a prior order of the court.

Petitioner and respondent married in 1981. In April 1986, following their separation, the parties stipulated to the entry of an order providing for joint custody of their son born March 15, 1983. Respondent had reasonable visitation until August 1998, when he and his then 15-year-old son had a physical altercation prompting petitioner to file family offense and modification of custody and visitation petitions. Respondent's visitation rights were suspended and the family offense petition was withdrawn. The two other petitions were tried in Family Court in January 1999 resulting in two orders. An order dated January 6, 1999 required petitioner to provide respondent with copies of their son's report cards, hockey schedules, parent-teacher conference notices and similar notices as well as direct access to all of the child's educational, extracurricular and medical information. The order dated January 25, 1999 continued the suspension of respondent's visitation and his child support payments and directed the parties and their son "to entertain counseling to be arranged by the attorneys for the respective parties".

In March 1999, petitioner filed a support petition against respondent. Respondent answered and raised, as an affirmative defense to the payment of support, the child's constructive abandonment. Subsequently, respondent filed a petition against petitioner alleging her violation of the January 6, 1999 and January 25, 1999 orders. Family Court held a hearing on both petitions in August 1999. The court found that petitioner did not interfere with respondent's visitation rights and the child did not constructively abandon respondent. The court ordered respondent to resume child support payments. Regard-

ing respondent's violation petition, the court found no willful violation of the direction requiring the parties to "entertain counseling" but did find that petitioner willfully violated the provisions of the January 6, 1999 order which required her to provide respondent with copies of their son's report cards, hockey schedules, parent-teacher conference notices and similar notices. The court imposed a five-day suspended jail sentence. Respondent appeals from both orders.

First, respondent argues that Family Court erred in finding that the child did not constructively abandon him. This Court recently noted in *Matter of Ogborn v Hilts* (269 AD2d 679): " '[A] child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support' * * * Where it is the noncustodial parent, however, who causes the breakdown in communication and visitation with his or her child, the child will not be deemed to have abandoned the parent" (*id.*, at 680, quoting *Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909).

In this matter, the hearing evidence indicates that the disagreement between respondent and the child over money due the child for work performed in respondent's painting business and the purchase of hockey equipment erupted into violence. The child testified that during the August 1998 altercation respondent threw him against a wall, and that, as a result, he felt "petrified" and remains afraid of respondent. It appears the gravity of the situation was compounded by respondent's act of disabling the phone so that the child could not call his mother. The child further testified that when he went to respondent's house on weekends he felt he was only there to watch his 10-year-old stepbrother because respondent was never present. He stated that respondent was "either at work or always at his boat club. He was just never home. If he was, it was not time for him." The child further indicated that although he occasionally did "fun stuff" with respondent, those occasions were very rare.

In his account of the August 1998 incident, respondent indicated that he grabbed the child by the shirt in response to the child's complaint that he was not meeting his child support obligations. It appears that since the August 1998 incident, respondent has exerted little effort to mend his relationship with the child (*compare, Matter of Chamberlin v Chamberlin*, 240 AD2d 908, *supra*). He stated that, although he approached the child on a few occasions and said "hi", he has not engaged his son outside the courts. In our view, given the great weight ac-

corded to Family Court's credibility assessments (*see, Matter of Liccione v John H.*, 65 NY2d 826, 827; *Matter of Ogborn v Hilts, supra*, at 679), there is no clear basis to disturb Family Court's conclusion that respondent failed to satisfy his burden of establishing that the child constructively abandoned him (*see, Matter of Wiegert v Wiegert*, 267 AD2d 620).

Similarly, we find unpersuasive respondent's contention that Family Court erred by failing to find that petitioner willfully violated the order requiring the parties to "entertain counseling". A contempt finding should only be made when " 'the order violated is clear and explicit and * * * the act complained of is clearly proscribed' " (*Matter of Nelson v Nelson*, 194 AD2d 828, 830, quoting *Kuenen v Kuenen*, 122 AD2d 616). Inasmuch as we cannot say that the directive was a clear and explicit mandate to participate in counseling, we decline to disturb Family Court's determination with respect to the issue of contempt.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.