◼ In the Matter of SHAWN P. DUDLA, Appellant, v BRONWYN S. DUDLA, Respondent. (And Two Other Related Proceedings.) [779 NYS2d 292]—

Carpinello, J. Appeals (1) from an amended order of the Family Court of Saratoga County (Hall, J.), entered December 17, 2002, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for child support, and (2) from an order of said court, entered December 17, 2002, which awarded respondent counsel fees.

The divorced parties to these proceedings are the parents of one child (born in 1988). Pursuant to a September 28, 2001 stipulation, the child resides with each parent equally, and neither pays child support to the other. Following a prior decision of this Court (*Dudla v Dudla,* 304 AD2d 1009 [2003]), petitioner (hereinafter the father), appearing pro se, filed a petition seeking child support on the ground that this stipulation failed to comply with the Child Support Standards Act. This petition was dismissed by Family Court due to the father's purported failure to comply with the financial disclosure requirements of Family Ct Act § 424-a. In response to a separate violation petition filed by respondent (hereinafter the mother), Family Court also determined that the father was in violation of the health insurance provisions of the parties' stipulation. The father appeals from an amended order which dismissed his petition and granted the mother's violation petition, as well as a subsequent order which granted the mother $150 in counsel fees.

Upon our review of the record, we conclude that Family Court should not have dismissed the father's child support petition. The record leaves no doubt that the father filed a financial affidavit with the court at the time that he filed his petition in March 2002, which included a copy of his 2000 tax return (*see* Family Ct Act § 424-a). As of that time, the father had yet to prepare his 2001 tax return and it therefore was not attached to his petition. However, his 2001 tax return was ultimately prepared on September 25, 2002 and provided to the court at a September 26, 2002 hearing on the petitions.

At that hearing, Family Court dismissed the father's petition, originally under the mistaken belief that no financial information whatsoever had been filed with the court. The father, who appeared pro se, tried to explain that he had filed the required financial information, but Family Court repeatedly disagreed. As the hearing was about to come to a close, the father pointed out to Family Court that the file the court "just lifted up" was indeed the financial information allegedly not filed. Family

Court then changed "the rationale to [its] ruling" and dismissed the petition for failing to provide this information to the mother's attorney.

While admittedly there was a delay in providing this financial information to the mother's attorney,* she was nonetheless in possession of same by the September 26, 2002 hearing. Importantly, prior to dismissal of the petition, no conditional order of preclusion had been entered by Family Court (*cf. Cohen v Cohen,* 228 AD2d 961 [1996]) nor was there any evidence that the father's delay in disclosure was part of a willful or contumacious strategy on his part to evade, mislead or be uncooperative (*see Matter of Beauregard v Millwood-Beauregard,* 207 AD2d 633, 633-634 [1994]; *cf. Serdaroglu v Serdaroglu,* 209 AD2d 606 [1994]). Under these circumstances, Family Court abused its discretion in dismissing the petition (*see Matter of Beauregard v Millwood-Beauregard, supra*).

Next, we discern no abuse of discretion in Family Court's modest award of counsel fees. Upon having to reappear before Family Court in November 2002 to resettle an order previously prepared by the mother's attorney, the mother's attorney requested counsel fees in the amount of $150 representing her hourly rate for appearing in court that day. According to her, she was unable to communicate with the father to resolve differences over language in the order because of threats made by him concerning her law license. This was confirmed by the father during his sworn testimony on this very issue.

To be sure, while some changes were made to the original order at the hearing, they were relatively minor. Most of the father's objections inappropriately went to the substance of the prior rulings against him. Moreover, Family Court had in its possession the father's financial information establishing his ability to pay this modest sum. Thus, whether awarded pursuant to Family Ct Act § 438 (a) or 22 NYCRR 130-1.1 (d), we see no abuse of discretion (*see e.g. Matter of Baker v Baker,* 291 AD2d 751, 754 [2002]; *De Ruzzio v De Ruzzio,* 287 AD2d 896 [2001]; *Matter of Van Horn v Dahoda,* 272 AD2d 791 [2000]; *Matter of Oropallo v Tecler,* 263 AD2d 716 [1999]; *see also Riemer v Riemer,* 31 AD2d 482 [1969]).

Finally, contrary to the father's contention, Family Court properly determined that he violated the parties' stipulation in failing to pay his share of the child's health insurance costs for a given period of time. His other contentions, to the extent

---

* The father claimed that he filed several copies of his financial information with the Clerk of the court with the expectation that the Clerk would provide same to the mother's attorney.

properly before us, have been reviewed and rejected as meritless.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the amended order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's petition; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.