■ GREGORY FOSTER, Respondent, v MICHELLE ANNE DAIGLE, Formerly Known as MICHELLE ANNE FOSTER, Appellant. [809 NYS2d 228]—

Spain, J. Appeal from that part of an order of the Supreme Court (Hall, J.), entered June 5, 2005 in Saratoga County, which granted plaintiff's motion to suspend his child support obligation and denied defendant's motion for counsel fees.

The parties were divorced in early 2001 and have two sons (born in 1988 and 1990). By agreement, they have joint legal custody, with the sons living with defendant, and plaintiff having extensive visitation rights. In November 2004, after the sons refused for more than two years to have any meaningful visitation, contact or relationship with him, plaintiff moved to

have defendant found to be in willful violation of the terms of the judgment of divorce by failing to notify him that one of his sons was having a surgical procedure in early 2003. Plaintiff also sought to terminate his obligation to pay child support, including one half of the private school tuition for his sons, then ages 16 and 14, based upon their abandonment of him, which alienation he attributed largely to defendant.

At a hearing in April 2005, the parties and their sons testified, as did the social worker who had attempted to counsel plaintiff and the sons in mid-2001 on the recommendation of Supreme Court. The sons continued to forcefully oppose any contact with plaintiff, which they attributed to his ill temperament and volatility and to incidents which occurred while the family was intact and after the divorce. A lengthy court-ordered psychological evaluation of all family members conducted in late 2001 by a clinical psychologist recommended against mandated visitation due to the intensity of the sons' fears and anger toward plaintiff and their opposition to it. In mid-2002, apparently by order of Family Court (Abramson, J.), visitation was attempted with plaintiff in defendant's home one hour per week for several months, but was discontinued by plaintiff due to the sons' consistent refusal to participate.

After the hearing sub judice, Supreme Court suspended plaintiff's child support and school-related contributions, but denied all other requested relief, including the parties' respective requests for counsel fees. The court concluded that defendant had not willfully sought to manipulate the sons and frustrate their access to plaintiff so as to obviate plaintiff's obligation to pay child support (see e.g. Usack v Usack, 17 AD3d 736, 738 [2005]). The court also implicitly concluded that plaintiff had made clear and ongoing efforts—albeit entirely unsuccessful—to maintain a relationship with the sons, whose abandonment of him was not justified by his parenting shortcomings or inappropriate behavior during or prior to the parties' separation so as to find that plaintiff had caused the abandonment (see e.g. Matter of Ogborn v Hilts, 269 AD2d 679, 680 [2000]). The court nonetheless held that while the sons were not of employable age, they had abandoned plaintiff and were constructively emancipated, and suspended plaintiff's financial support until such time as a change in circumstances is established to the satisfaction of the court.

On defendant's appeal, we find that the record supports Supreme Court's factual findings that neither parent can be held responsible for the sons' abandonment of plaintiff. However, under established precedent delineating when a child's

abandonment of a noncustodial parent can be deemed to constitute constructive emancipation, we must hold, as a matter of law, that the sons, ages 16 and 14 at the time of plaintiff's motion, were not constructively emancipated as they were not "of employable age," a necessary prerequisite to such a finding (*see Matter of Ogborn v Hilts, supra* at 680; *Matter of Kershaw v Kershaw,* 268 AD2d 829, 830 [2000]; *Matter of Chamberlin v Chamberlin,* 240 AD2d 908, 909 [1997]; *Hiross v Hiross,* 224 AD2d 662, 663 [1996]; *compare Matter of Joseph M.M. v Mary Ellen C.M.,* 227 AD2d 561, 562 [1996], *appeal dismissed and lv denied* 88 NY2d 1014 [1996]).

Under firmly established principles, parents have a statutory duty to continually support their children until they reach 21 years of age (*see* Family Ct Act § 413 [1] [a]; *see Matter of Parker v Stage,* 43 NY2d 128, 132 [1977]; *see also Matter of Roe v Doe,* 29 NY2d 188, 193 [1971]; *Labanowski v Labanowski,* 4 AD3d 690, 695 [2004]). Of course, "[w]here it can be established by the noncustodial parent that the custodial parent has unjustifiably frustrated the noncustodial parent's right of reasonable access, child support payments may be suspended" (*Matter of Usack v Usack, supra* at 737-738, quoting *Matter of Smith v Bombard,* 294 AD2d 673, 675 [2002], *lv denied* 98 NY2d 609 [2002]; *see Matter of Kershaw v Kershaw, supra* at 830). However, after hearing all of the testimony, Supreme Court determined defendant had not willfully manipulated the sons so as to obviate plaintiff's support obligations, a finding which is supported by the record and which we find no basis to disturb. The evidence and testimony reflects that after the separation, defendant initially encouraged and facilitated regular visitation with plaintiff, but his relationship with the sons quickly deteriorated; the sons' anger and opposition to contact with him made her reluctant to force more than the minimal contact they tolerated. At most, it appears that defendant may have indirectly contributed to the sons' alienation, and that she could have more actively encouraged the father-son relationship and respectful behavior by the sons toward him, but the proof does not support finding that she deliberately frustrated reasonable access by plaintiff to his sons.

With regard to the constructive emancipation rubric, it is also established that "a child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support" (*Matter of Chamberlin v Chamberlin, supra* at 909). It is true that the sons have, regrettably, evinced a near complete refusal to communicate or have contact with

plaintiff, and the record supports Supreme Court's finding that they have done so without sufficient cause or provocation by plaintiff despite his protracted and earnest efforts—including letters, cards, gifts, phone calls, offers of help, attendance at activities and offers of joint endeavors—even in the face of disrespectful and inappropriate behavior (*cf. Matter of Ogborn v Hilts, supra* at 680). However, they were only 16 and 14 and, thus, not "of employable age" and could not, as a matter of law, abandon him and be deemed constructively emancipated from him so as to forfeit his support obligation (*see Matter of Kershaw v Kershaw, supra* at 830; *Yokaitis v Yokaitis*, 184 AD2d 695, 695-696 [1992]; *cf. Matter of Labanowski v Labanowski, supra* at 695; *Matter of Chamberlin v Chamberlin, supra* at 909; *Matter of Joseph M.M. v Ellen C.M., supra* at 562).

Finally, on this record, we discern no abuse of discretion in Supreme Court's denial of defendant's request for counsel fees (*see Matter of Dudla v Dudla*, 9 AD3d 546, 548 [2004]; *see also* Family Ct Act § 438 [a]).

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reversing so much thereof as granted plaintiff's motion suspending plaintiff's child support obligations; said motion denied to that extent; and, as so modified, affirmed.