██ In the Matter of JOHN D. CHESTARA, Appellant, v MARY LOU CHESTARA, Respondent. [849 NYS2d 353]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered May 17, 2007, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify an order of child support.

The parties are the parents of a daughter (born in 1988). Petitioner, who was a practicing attorney, converted substantial funds from his clients resulting in disbarment (*Matter of Chestara*, 244 AD2d 699 [1997]) and incarceration. After being released from jail in 1999, he allegedly had little contact with his daughter and eventually stipulated to terms which were incorporated into a divorce judgment, including that respondent had sole custody of the child and would receive child support from petitioner. In 2005, petitioner sought visitation with his then 17-year-old child. Family Court (Griffin, J.) denied the request noting, among other things, the undisputed fact that petitioner had no contact with his child for numerous years, the child's desire not to start visitation and the Law Guardian's opinion that compelled visitation was not in the child's best interest. Shortly thereafter, petitioner commenced this proceeding seeking to terminate his child support obligation alleging that his daughter, now over 18 years old, had unjustifiably terminated the parent-child relationship and emancipated herself from him. Family Court (Czajka, J.) dismissed the petition. Petitioner appeals.

We affirm. "[W]hile a parent has a statutory duty to support his or her child until the age of 21 (*see,* Family Ct Act § 413 [1] [a]), the child's right to support and the parent's right to custody and services are reciprocal" (*Matter of Smith v Bombard*, 294 AD2d 673, 675 [2002], *lv denied* 98 NY2d 609 [2002] [internal quotation marks and citations omitted]; *see Matter of Chambers v Chambers*, 295 AD2d 654, 654 [2002]). "[A] child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support" (*Matter of Chamberlin v Chamberlin*, 240 AD2d 908, 909 [1997]; *see Foster v Daigle*, 25 AD3d 1002, 1004 [2006], *appeal dismissed* 6 NY3d 890 [2006]).

Here, the parties agreed to have Family Court decide the ap-

plication based upon the papers submitted to the court. Those papers included evidence that petitioner failed to maintain contact with the child for a significant period of time and engaged in conduct that fractured the child-parent relationship. The child is currently in college and not financially independent. We find no basis to reverse, as urged by petitioner, based upon Family Court's reference to and reliance in part upon factual findings in the earlier Family Court (Griffin, J.) decision in the visitation petition. It was petitioner who placed that decision before the court by attaching it to his papers and, in fact, he quoted in his petition parts of the decision. Even if the findings in such decision were not considered, the record supports Family Court's (Czajka, J.) conclusion that petitioner failed to meet his burden of establishing that the breakdown in the child-parent relationship was not the result of his own conduct (*see Matter of Kinney v Simonds*, 276 AD2d 882, 883-884 [2000]; *Matter of Ogborn v Hilts*, 269 AD2d 679, 680 [2000]; *Matter of Wiegert v Wiegert*, 267 AD2d 620, 621 [1999]). The remaining arguments have been considered and found unavailing.

Mercure, J.P., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.