■ In the Matter of the Estate of SYLVAN LAWRENCE, Deceased. GRAUBARD MILLER, Respondent; RICHARD S. LAWRENCE, Appellant, et al., Respondents. RICHARD S. LAWRENCE et al., Plaintiffs, v GRAUBARD MILLER et al., Defendants. [916 NYS2d 1]—

Orders, Surrogate's Court, New York County (Troy K. Webber, S.), entered on or about October 1, 2009, which, to the extent appealed from, confirmed the Referee's July 10, 2009 and September 30, 2009 reports recommending, respectively, that petitioner's application to withdraw its SCPA 2110 claim be granted without conditioning the withdrawal on the payment of attorneys' fees and that respondent Richard Lawrence's motion for summary judgment dismissing petitioner's tortious interference claim be granted without imposing attorneys' fees, unanimously affirmed, without costs.

This proceeding arises from a fee dispute between petitioner Graubard Miller and its client of more than 20 years, Alice Lawrence, in connection with the estate of Mrs. Lawrence's late husband, Sylvan Lawrence. The history of the proceeding was reviewed by this Court in a prior appeal (48 AD3d 1 [2007], affd 11 NY3d 588 [2008]). At issue here is the voluntary discontinuance of petitioner's claim pursuant to SCPA 2110 against respondent, as executor, for legal fees for benefits conferred upon the estate and its claim against respondent, individually, for tortious interference with a contract.

The Surrogate properly permitted petitioner to discontinue the SCPA 2110 claim without conditioning discontinuance on the payment of attorneys' fees (see CPLR 3217 [b]; Beigel v Cohen, 158 AD2d 339 [1990]). Respondent does not challenge the Referee's finding that the SCPA 2110 claim was not frivolous, and petitioner has asserted good faith reasons for its decision to withdraw the claim. Thus, no special circumstances exist to preclude discontinuance (see Tucker v Tucker, 55 NY2d 378, 383 [1982]).

Respondent's request for attorneys' fees as a sanction for frivolous conduct, made for the first time in reply on his motion to dismiss the tortious interference claim, failed to comply with the notice requirement of 22 NYCRR 130-1.1 (d). Accordingly, the Surrogate properly denied the request without prejudice to a separate application affording petitioner an opportunity to submit opposition (see Leskinen v Fusco, 18 AD3d 387, 389 [2005], lv dismissed 6 NY3d 807 [2006]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.