■ Jodd Readick, Respondent, v Jeannette Readick, Appellant. [916 NYS2d 43]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 8, 2008, which granted plaintiff's motion for a money judgment in the amount of $7,824 in child support arrears through February 24, 2008 and attorneys' fees, and ordered the Clerk to enter judgment in plaintiff's favor in the principal sum of $17,709, consisting of the aforesaid $7,824 plus $9,885 for defendant's share of the reasonable expenses incurred by plaintiff on the child's behalf subsequent to filing the motion, unanimously modified, on the law, to reduce the award from $17,709 to $7,824, and the matter remanded for a hearing to determine the issues of constructive emancipation and the reasonableness of plaintiff's incurred expenses, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 6, 2009, which, to the extent appealable,

denied defendant's motion for renewal, unanimously dismissed, without costs, as academic in view of the foregoing. Order, same court (Matthew F. Cooper, J.), entered on or about February 8, 2010, which granted plaintiff's motion for a money judgment in the amount of defendant's share of the reasonable expenses plaintiff incurred from October 27, 2008 through February 27, 2009 and attorneys' fees and to direct defendant to post security, unanimously modified, on the law, to delete the sum of $17,811.75, and the matter remanded for a hearing on the reasonableness of plaintiff's incurred expenses, and otherwise affirmed, without costs.

There is no merit to defendant's argument that the child support order is void under the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]). While a court may, in its discretion, apply the CSSA standards and guidelines in determining the appropriate amount of temporary child support, it is not required to do so (*Rizzo v Rizzo*, 163 AD2d 15 [1990]). Defendant concedes on appeal that the order is an interim support order.

Nor is there any merit to defendant's argument that the support order merged with the parties' judgment of divorce, rendering erroneous the court's award of post-judgment child support and attorneys' fees. The parties agreed to address the issue of child support separately from the other issues in the divorce (*see Catalano v Catalano*, 158 AD2d 570, 572 [1990]). Furthermore, the support order was signed at the hearing at which the court granted the parties' divorce and surely was not meant to terminate on the very same day.

However, the court erred in failing to conduct a hearing to determine whether the parties' child was constructively emancipated after February 28, 2004 and whether the expenses incurred by plaintiff after that date were reasonable. Indeed, in granting the parties' divorce, the court indicated that it would address both of these issues at a future date. The record presents issues of fact whether the child's behavior demonstrated that he is emancipated so as to warrant relieving defendant from her support obligation (*see Matter of Roe v Doe*, 29 NY2d 188 [1971]; *Clifton Springs Sanitarium Co. v Watkins*, 130 AD2d 944 [1987]; *O'Neill v O'Neill*, 109 AD2d 829 [1985]). Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.