■ In the Matter of TRAVELERS INSURANCE COMPANY, Respondent, v ROBERT ROGERS et al., Appellants, and MARYLAND INSURANCE COMPANY et al., Respondents. [922 NYS2d 82]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 19, 2010, denying vacatur of an order, same court and Justice, entered January 8, 2010, which granted the petition of Travelers Insurance Company to permanently stay arbitration of an uninsured motorist claim, unanimously reversed, on the law and on the facts, with costs, the January 8, 2010 order is vacated, and the matter remanded to the Supreme Court for proceedings consistent with this order.

Supreme Court abused its discretion in refusing to vacate its prior order granting a permanent stay of arbitration of respondents Rogers' and Westwater's uninsured motorist claim, which was granted upon their failure to appear at the petition hearing or to submit papers in opposition. Vacatur should have been granted on the ground of "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). A review of the record in this case reveals several potential instances of intentional and material misrepresentations of fact by petitioner, which, at least in part, may have formed the basis of Supreme Court's decision and order to permanently stay arbitration. Hence, it was an abuse of discretion to conclude that the failure to proffer a reasonable excuse precluded relief pursuant to CPLR 5015 (a) (3), since that section does not require such a showing (cf. CPLR 5015 [a] [1]; see Shouse v Lyons, 4 AD3d 821, 822 [2004]). To the extent that some of respondents' allegations of fraud, misrepresentation or other misconduct are not conclusively established by the evidence in the record, they present issues of fact which should not be determined without holding a hearing (Readick v Readick, 80 AD3d 512, 513 [2011]; see also Tonawanda School Empls. Fed. Credit Union v Zack, 242 AD2d 894, 894-895 [1997]). Concur— Tom, J.P., Mazzarelli, Acosta, DeGrasse and Roman, JJ.