Lahtinen, J.
Appeals (1) from an order of the Family Court of Ulster County (Mizel, J.), entered October 12, 2010, which, in two proceedings pursuant to Family Ct Act article 4, among other things, granted petitioner’s motion to dismiss respondent’s affirmative defenses, and (2) from an order of said court, entered June 9, 2011, which, among other things, granted petitioner’s motion for an award of counsel fees.
The parties are the parents of one child (born in 1993) and, following several years of bitter litigation, their marriage ended in a 2004 divorce judgment that provided for joint legal custody as well as shared parenting time. Less than a year after their divorce, the attorney for the child made an emergency applica *1389 tion seeking to place physical custody with petitioner (hereinafter the father) and to limit visitation by respondent (hereinafter the mother) because of apparent severe emotional stress suffered by the child when residing with the mother and her boyfriend. Supreme Court (Silbermann, J.) granted temporary sole custody to the father and, recognizing the “fractured relationship” between the child and the mother, directed the parents to see a counselor. In 2006, Supreme Court, among other things, continued sole custody of the child with the father and indicated that the mother should commence therapy aimed at restoring the parent/child relationship. Since that time, the parties have been involved in continuous litigation, and the child, who is now in college, has refused contact with the mother.
The father commenced the current proceedings in 2009 seeking an order of support and also contribution towards the child’s therapy costs under a provision in the parties’ divorce judgment regarding payment of 50% of the child’s “add-on” expenses. Affirmative defenses by the mother included a contention that the child had been alienated from her by the father. In light of the allegation of interference with visitation, the Support Magistrate referred the matters to Family Court. Family Court rendered a detailed written decision on the father’s motion to dismiss the affirmative defenses setting forth some of the lengthy litigation history and identifying factual issues regarding, among other things, whether the father had interfered with visitation and whether the child had constructively emancipated himself from the mother. After a hearing, Family Court found in October 2010 that the mother’s affirmative defenses lacked merit, granted the father’s motion to dismiss those defenses, and referred the matter back to the Support Magistrate. Thereafter, the father moved for counsel fees and the mother cross-moved for counsel fees. In June 2011, Family Court granted the father’s motion, awarding $24,306.89 in counsel fees, and denied the mother’s cross motion. The mother appeals from the October 2010 and June 2011 orders.
A parent has a statutory duty to support a child until the child reaches the age of 21 (see Family Ct Act § 413 [1] [a]). Child support payments may be suspended where the custodial parent unjustifiably frustrates the noncustodial parent’s right of reasonable access (see Labanowski v Labanowski, 49 AD3d 1051, 1054 [2008]; Matter of Smith v Bombard, 294 AD2d 673, 675 [2002], lv denied 98 NY2d 609 [2002]). Further, a child’s right to support may be forfeited if the child is of employable age and the child actively abandons the noncustodial parent by, without cause, refusing contact (see Matter of Naylor v Galster, *1390 48 AD3d 951, 952 [2008]; Matter of Chestara v Chestara, 47 AD3d 1046, 1047 [2008]). To prevail on the issue of abandonment, a parent must show that the child’s refusal of contact “is totally unjustified” (Matter of Juneau v Morzillo, 56 AD3d 1082, 1086 [2008]; see Labanowski v Labanowski, 49 AD3d at 1053-1054). When conflicting proof is presented, we accord deference to the credibility determinations of the trier of fact (see Matter of Columbia County Dept. of Social Servs. v Richard O., 262 AD2d 913, 916 [1999]).
There is ample evidence in the record that the mother’s own conduct was the cause of the broken relationship with her son. Moreover, despite the fact that she was informed shortly after the change in custody to the father that her actions were severely traumatizing the child and that proper counseling would be important to resuming visitation, she did not follow through with such counseling. Instead, she continued to blame others and failed to appreciate her own role in alienating her child. The mother did not sustain her burden of showing a lack of justification for the child’s refusal to maintain contact with her. Further, although the father was not a model cooperative parent, the record supports Family Court’s finding that he did not unjustifiably interfere with the mother’s rights regarding the child nor was he the cause of the fractured relationship.
Family Court did not commit reversible error by limiting the proof to events occurring after December 1, 2008 and in denying the mother’s request to compel the child to testify. Given the long litigation history and numerous prior court orders, it was well within Family Court’s discretion to place relevant parameters on the time frame of proof permitted (see Matter of Cool v Malone, 66 AD3d 1171, 1173 [2009]). Moreover, Family Court did not abuse its discretion in refusing to make the child testify in light of the mother’s lack of proof regarding her claim of alienation and, as explained by the attorney for the child in objecting to this testimony, the potential for significant negative impact on the child of requiring him to testify (see Matter of Juneau v Morzillo, 56 AD3d at 1084).
The mother’s challenge to the award of counsel fees to the father has merit. The father’s motion was made pursuant to Family Ct Act § 438 (a). While Family Court is accorded discretion and many factors can be weighed in an application for counsel fees pursuant to Family Ct Act § 438 (a), a primary consideration is each party’s financial circumstance (see Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937 [2008]; Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1140-1141 [2007]; Moffre v Moffre, 29 AD3d 1149, 1152 [2006]; see also O’Shea v O’Shea, *1391 93 NY2d 187, 193-194 [1999]). Here, although he had significant debts, the father — a medical doctor — had annual income exceeding $270,000. The mother earned income in excess of $110,000 a year as a nurse. It is apparent that these individuals had ample income to pay their own attorneys and, in fact, the father had already paid his attorney. Family Court discussed (but did not directly decide) counsel fees as a potential sanction under 22 NYCRR 130-1.1, where a party’s financial circumstance is not necessarily an important factor. However, the father’s motion was premised upon Family Ct Act § 438 (a) and did not expressly request sanctions under 22 NYCRR 130-1.1; thus, ample notice was not accorded regarding a potential sanction under the regulation (see 22 NYCRR 130-1.1 [d]; cf. Matter of Lawrence, 79 AD3d 417, 417 [2010]; De Ruzzio v De Ruzzio, 287 AD2d 896, 897 [2001]).
Peters, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order entered October 12, 2010 is affirmed, without costs. Ordered that the order entered June 9, 2011 is modified, on the law, without costs, by reversing so much thereof as granted petitioner’s motion for counsel fees; said motion denied; and, as so modified, affirmed.