Stein, J.
Appeal from an order of the Family Court of Warren County (Breen, J.), entered April 30, 2012, which, in two proceedings pursuant to Family Ct Act article 4, among other things, struck respondent’s affirmative defense.
The parties are the parents of a daughter and a son (born in 1990 and 1994, respectively). When the parties were divorced in *1121 2002, petitioner (hereinafter the mother) was awarded custody of the children, with visitation to respondent (hereinafter the father), and the father was directed to pay child support to the mother. In March 2011, the mother commenced a proceeding for an upward modification of child support and, one month later, the father commenced a proceeding for a downward modification or termination of his child support obligation claiming, among other things, that he had been deprived of visitation with the son.[1] In light of the father’s allegation of interference with visitation, a Support Magistrate referred that issue to Family Court (see Family Ct Act § 439 [a]; see Matter of Barney v Van Auken, 81 AD3d 1129, 1130 [2011]). Following a trial, Family Court found, among other things, that the father failed to prove that his child support obligation should be reduced or terminated, and this appeal by the father ensued.
We affirm. Generally, a parent in this state is obligated to support his or her child until the child turns 21 (see Family Ct Act § 413 [1] [a]). However, a noncustodial parent’s child support obligation may be suspended where such parent establishes that “the custodial parent unjustifiably frustrated] the noncustodial parent’s right of reasonable access” (Matter of Dempsey v Arreglado, 95 AD3d 1388, 1389 [2012]; accord Matter of Dobies v Brefka, 83 AD3d 1148, 1152 [2011]; see Matter of Boccalino v Boccalino, 59 AD3d 901, 902 [2009]). On the record before us, we agree with Family Court’s determination that the father failed to establish that the mother unjustifiably interfered with his visitation.
It is without question that the relationship between the father and the son was fractured. In this regard, the evidence at trial established that — apart from three court-ordered therapeutic sessions that occurred in 2011 — the father had not exercised visitation with the son since October 2010. The father placed blame on the mother for the lack of visitation, claiming that she alienated the son from him and did not encourage the father-son relationship. However, the mother testified that the son— who was nearly 18 years old at the time of trial — was steadfast in his refusal to have contact with his father and that previous interactions between the father and son ended badly. The mother explained that the son was diagnosed with various *1122 mental health issues and that his relationship with the father was very stressful for him. Consequently, she asked the son’s therapist whether he should be forced to visit with the father and was advised that the son should be allowed to make that decision. Although the mother stated that she supported the son in whatever decision he made in this regard, she also testified that she actively encouraged the child to have a relationship and maintain communication with the father. Considering this testimony, and the record as a whole, we find ample support for Family Court’s determination that the mother did not unjustifiably interfere with the father’s visitation (see Matter of Dempsey v Arreglado, 95 AD3d at 1390; Matter of Dobles v Brefka, 83 AD3d at 1153; Matter of Boccalino v Boccalino, 59 AD3d at 902).
Contrary to the father’s contention, we similarly conclude that the record supports a finding that the father’s support obligation should not be terminated based upon the son’s refusal to have contact with him. A child’s right to support payments may be forfeited when he or she is “of employable age and . . . actively abandons the noncustodial parent by, without cause, refusing contact” (Matter of Dempsey v Arreglado, 95 AD3d at 1389; see Matter of Dobies v Brefka, 83 AD3d at 1152; Labanowski v Labanowski, 49 AD3d 1051, 1053 [2008]). However, the child’s refusal of contact must be “ ‘totally unjustified’ ” (Matter of Dempsey v Arreglado, 95 AD3d at 1390, quoting Matter of Juneau v Morzillo, 56 AD3d 1082, 1086 [2008]), and “where it is the parent who causes a breakdown in communication with his [or her] child, . . . the child will not be deemed to have abandoned the parent” (Matter of Boccalino v Boccalino, 59 AD3d at 903 [internal quotation marks and citation omitted]).
Here, the trial testimony establishes that the father exercised visitation in accord with the judgment of divorce until approximately 2008, when the father’s other commitments — related to his work and a new relationship — resulted in a decrease in visitation. Consequently, the father-son relationship became strained and, eventually, the son was no longer invited back to the father’s home. The son explained that he did not want a relationship with the father because the father had been both verbally and emotionally abusive to him, called him names and was unwilling to change. In addition, the testimony reflects that the father had not otherwise been actively involved in the son’s life for many years. In fact, the father admitted that the child had never been to his current home and that he had not taken him on a vacation since the parties’ divorce, although the father had vacationed with his girlfriend and her children.
*1123 While the son testified that he did not want any contact or relationship with the father,[2] Family Court concluded that it was the father who had “made the decision to abandon the child emotionally” and that it “is the father that is walking away from his relationship with this child, not the other way around.” According due deference to Family Court’s credibility assessments, we discern no basis to disturb that finding or the court’s ultimate conclusion that the son’s refusal to have contact with the father was justified (see Matter of Dempsey v Arreglado, 95 AD3d at 1390; Matter of Boccalino v Boccalino, 59 AD3d at 903).
Peters, EJ., McCarthy and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

. The father’s petition also sought to terminate child support for the daughter, who had turned 21. Additionally, the father filed a petition in Saratoga County Family Court, alleging that the mother had violated the prior custody order by, among other things, denying him visitation with the son. This petition resulted in the entry of a consent order, which required the father and son to participate in therapeutic sessions.

. At an earlier point in the son’s testimony, he indicated that he might be amenable to contact with the father if the father was willing to change his behavior.