■ ROBERT RYAN, Respondent, v SAM ZHERKA, Appellant, et al., Defendant. [33 NYS3d 250]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 24, 2015, which denied defendant Sam Zherka's motion pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment, same court (Norman C. Ryp, J.), entered September 26, 2000, after a trial, or, in the alternative, for discovery and a hearing, unanimously affirmed, with costs.

The newly discovered evidence proffered by defendant to show that the judgment in plaintiff's favor was the result of a fraud upon the court is insufficient to warrant vacatur of the judgment with respect to the assault claim (*see* CPLR 5015 [a] [2], [3]; *Prote Contr. Co. v Board of Educ. of City of N.Y.*, 230 AD2d 32, 39 [1st Dept 1997]). While the new evidence contradicts plaintiff's trial testimony that he did not contact law enforcement authorities after being assaulted by defendant, it does not refute the jury's essential finding that an assault occurred (*see Weinstock v Handler*, 251 AD2d 184 [1st Dept 1998], *lv dismissed* 92 NY2d 946 [1998]). The new evidence showing that plaintiff had previously identified defendant's brother, as opposed to defendant, as the man who held a gun to his head does not undermine the trial testimony that defendant punched and kicked plaintiff. Thus, even assuming plaintiff's trial testimony amounted to fraud, vacatur under CPLR 5015 (a) (3) is not warranted because his misrepresentations were not material to the jury's verdict (*see Matter of Travelers Ins. Co. v Rogers*, 84 AD3d 469 [1st Dept 2011]).

Nor would the new evidence have resulted in a different outcome with respect to the breach of contract claim. Regardless of whether shares were issued to plaintiff, plaintiff's trial testimony and the new evidence regarding the issuance of shares both show that plaintiff had a verbal agreement to sell his interest in the nightclub to defendant and that defendant exercised dominion and control of the club shortly after paying a portion of the promised price. The new evidence that plaintiff had the locks changed and retained an attorney to file for bankruptcy shows that he was attempting to regain the possession and control he had relinquished.

We perceive no basis for further discovery and a hearing. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.