▮ RUTH SHOMRON, Respondent, v DARYA FUKS et al., Appellants. [48 NYS3d 130]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 22, 2010, which denied defendants' motion, pursuant to CPLR 5015 (a) (2) or (3), to vacate a decision and a judgment (same court, John E.H. Stackhouse, J.), entered September 27, 2006 and November 25, 2006, respectively, in favor of plaintiff, unanimously affirmed, with costs. Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 3, 2014, which denied defendants' motion for leave to renew the motion to vacate, unanimously affirmed, with costs.

This action stems from a dispute between two former partners in R&L Realty Associates, which owned a building in upper Manhattan. Plaintiff claimed that she would not have agreed to sell four apartments in the building to the defendant entities had she known that Yoram Fuks, her partner's husband, was the sole beneficiary and owner of these entities. Defendants now seek to vacate a decision and interlocutory judgment entered in plaintiff's favor on the ground that one of plaintiff's trial witnesses was allegedly bribed.

The motion to vacate was properly denied. Vacatur was not appropriate pursuant to CPLR 5015 (a) (2) (newly-discovered evidence) because defendants failed to meet the "heavy burden" of establishing the "genuineness" of the new evidence (*see H & Y Realty Co. v Baron*, 193 AD2d 429, 430 [1st Dept 1993]). Defendants also failed to establish the existence of fraud, thereby rendering vacatur pursuant to CPLR 5015 (a) (3) likewise inappropriate (*see Thakur v Thakur*, 49 AD3d 861, 861 [2d Dept 2008]).

Defendants rely primarily on the affidavit of Rebecca Rottier. This affidavit, which was submitted three years after trial and which she later largely recanted, is wholly unreliable. Although plaintiff also admitted loaning the witness money after trial, she and the witness both insisted that the loans were in no way related to or affected his trial testimony. The evidence is thus insufficient even to raise an issue of fact for resolution at a fact-finding hearing (*cf. Matter of Travelers Ins. Co. v Rogers*, 84 AD3d 469, 469 [1st Dept 2011]; *Pollio Dairy Prods. Corp. v Sorrento Cheese Co.*, 62 AD2d 1015, 1016 [2d Dept 1978]), especially in light of the "policy favoring the finality of judgments" (*Mark v Lenfest*, 80 AD3d 426, 426 [1st Dept 2011], quoting *Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 453 [1st Dept 1987]).

The motion for leave to renew pursuant to CPLR 2221 (e)

was also properly denied. Although defendants submitted affidavits and other evidence not previously submitted, none of these materials were truly "new" when the motion was brought in April 2014. Two of the key affidavits had been in defendants' custody since 2011, and the remaining affidavits either restated information already submitted or else contained information that could and should have been submitted earlier. Nor have defendants provided any reasonable justification for their delay in bringing this evidence to the court's attention. Their retention of new counsel in May 2013 does not explain why prior counsel failed to raise this evidence during the two previous years.

We have considered defendants' remaining contentions and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.