Matter of Thomas GG. v Bonnie Jean HH. (2020 NY Slip Op 05988)





Matter of Thomas GG. v Bonnie Jean HH.


2020 NY Slip Op 05988


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529182

[*1]In the Matter of Thomas GG., Respondent,
v
Bonnie Jean HH., Appellant.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Sandra M. Colatosti, Albany, for appellant.
Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for respondent.



Clark, J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered April 30, 2019, which, among other things, in a proceeding pursuant to Family Ct Act article 4, granted petitioner's motion for summary judgment.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2000). Although the father — who lives in California — has been subject to an order of child support since 2004, he was absent from the child's life for a substantial period of time. In 2013, pursuant to a court order directing therapeutic visitation, the father met the child for the first time. In the years that followed, faced with the child's opposition to establishing a relationship with him after his prolonged absence, the father sought court intervention relating to his parenting time and other forms of contact with the child. In December 2017, in resolution of a custody modification petition brought by the father, the parties stipulated to an order of custody which, among other things, granted the father certain parenting time, subject to the consent of the child, and permitted the father to mail letters, cards and packages to the child.
In August 2018, roughly two weeks after the child turned 18 years of age, the father commenced this Family Ct Act article 4 proceeding seeking to terminate his child support obligation on the ground that the child had abandoned him by continually refusing to have contact with him. The father subsequently moved for summary judgment, and the mother — in lieu of answering — cross-moved for dismissal of the petition for failure to state a claim. Without conducting a hearing and in reliance upon its knowledge of the parties and prior proceedings, Family Court granted the father's motion for summary judgment, denied the mother's cross motion and terminated the father's child support obligation. The mother appeals, solely challenging Family Court's determination to grant the father's motion for summary judgment.
Although a parent has a statutory duty to support his or her child until the child reaches the age of 21 (see Family Ct Act § 413 [1] [a]), "a child of employable age, who actively abandons the noncustodial parent by refusing all contact and visitation, without cause, may be deemed to have forfeited his or her right to support" (Matter of Chamberlin v Chamberlin, 240 AD2d 908, 909 [1997] [emphasis added]; accord Matter of Chestara v Chestara, 47 AD3d 1046, 1047 [2008]). However, "the child's refusal of contact must be totally unjustified, and where it is the parent who causes a breakdown in communication with his or her child, the child will not be deemed to have abandoned the parent" (Matter of McCloskey v McCloskey, 111 AD3d 1120, 1122 [2013] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Boccalino v Boccalino, 59 AD3d 901, 903 [2009]; see also Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 858 [2011], lv denied 18 NY3d 807 [2012]). The parent seeking to terminate his or her child support obligation bears the burden of establishing the lack of justification for the child's refusal of contact (see Labanowski v Labanowski, 49 AD3d 1051, 1053 [2008]; Matter of Wiegert v Wiegert, 267 AD2d 620, 621 [1999]).
Contrary to Family Court's determination, the father did not establish his entitlement, as a matter of law, to termination of his child support obligation on the ground of abandonment. Although the father's submissions detailed his efforts to establish a relationship with the child and the child's repeated rebuffs of those efforts, the father's proof failed to demonstrate as a matter of law that the child's refusal to have contact with him was totally unjustified, particularly given the father's prolonged absence from the child's life and the child's developmental disability and other diagnoses. Such factual issues warranted a full evidentiary hearing and should not have been summarily resolved by Family Court (see Clifton Springs Sanitarium Co. v Watkins, 130 AD2d 944, 945 [1987]). Although Family Court had knowledge of prior proceedings between the parties, the justification issue had never been squarely before Family Court and required the presentation of evidence, including potential expert testimony, concerning the impact of the child's developmental disability and other diagnoses on the child's refusal to have contact with the father.[FN1] Accordingly, as the father failed to establish his entitlement to summary judgment as a matter of law, we reverse so much of Family Court's order as granted the father summary judgment and terminated child support. We therefore remit the matter for a full evidentiary hearing.
As a final matter, given that the appointment of an attorney for the child in a support matter is permissive (see Family Ct Act § 249 [a]), we cannot say that Family Court erred in not appointing an attorney to represent the child. However, under the circumstances of this case, such appointment would have "serve[d] the purposes of [the Family Ct Act]" and, thus, would have been advisable (Family Ct Act § 249 [a]). Accordingly, upon remittal, Family Court should appoint an attorney to represent the child's interests.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's motion for summary judgment; said motion denied and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Such evidence may also be relevant to determining whether the child, given his diagnoses, is of an employable age.