■ In the Matter of WILLIAM C. WIEGERT, Appellant, v CAROL C. WIEGERT, Respondent. [699 NYS2d 597] —Mikoll, J. Appeal from an order of the Family Court of Schenectady County (Reilly, J.), entered December 10, 1997, which, inter alia, denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior support order.

Petitioner and respondent are the parents of three children, born in 1980, 1981 and 1982. Prior to the parties' divorce, respondent obtained a temporary order of protection which prohibited petitioner from contacting respondent or the children based upon allegations of physical and emotional abuse. The default judgment of divorce obtained by respondent in February 1997 on the ground of cruel and inhuman treatment

granted respondent sole custody of the parties' children, established an order of child support and further ordered that the temporary order of protection be made permanent for a period of one year. In the ensuing months petitioner filed several applications seeking various forms of relief, including a petition seeking to be relieved of his child support obligation on the ground that the children had abandoned him by refusing all visitation. Following a hearing, Family Court, *inter alia*, dismissed the petition and established respondent's monthly child support obligation. Respondent appeals.

We affirm. Although a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation without justification may be deemed to have forfeited his or her right to support (*see,* Family Ct Act § 413 [1] [a]; *Matter of Chamberlin v Chamberlin*, 240 AD2d 908), where it is the parent who causes a breakdown in communication with the child through conduct such as malfeasance, misconduct, neglect or abuse, the child's unwillingness to continue the parent-child relationship is justified and will not be deemed abandonment (*see, Matter of Chamberlin v Chamberlin, supra*; *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97). Notably, a noncustodial parent seeking to suspend child support payments has the burden to establish the lack of justification for the child's refusal to maintain contact (*see generally, Matter of Mayer v Strait*, 251 AD2d 713).

Here, petitioner failed to offer any evidence to demonstrate that the children were not justified in refusing to communicate or visit with him. In view of this failure, as well as the circumstances giving rise to the order of protection which had been in place for several months prior to petitioner's application, Supreme Court properly concluded that the children's decision to sever their relationship with petitioner was caused by petitioner's own conduct and did not amount to abandonment (*see, Matter of Marotta v Fariello*, 207 AD2d 450; *Matter of Villota v Zelenak*, 203 AD2d 370).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.