■ In the Matter of Scott Silverstein, Respondent, v Kim Silverstein, Appellant. [878 NYS2d 69]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Suffolk County (Budd, J.), dated March 5, 2008, as denied her objections to so much of an order of the same court (Raimondi, S.M.), dated December 3, 2007, as denied her motion for an award of an attorney's fee in the sum of $43,680.

Ordered that the order dated March 5, 2008, is modified, on the law, the facts and in the exercise of discretion, by deleting the provision thereof denying the mother's objection to so much of the order dated December 3, 2007, as denied that branch of her motion which was for an award of an attorney's fee in the

sum of $15,000 and substituting thereafter a provision sustaining that objection and awarding the mother an attorney's fee in the sum of $15,000; as so modified, the order dated March 5, 2008, is affirmed, with costs to the mother.

"In a matrimonial action, an award of an attorney's fee should be based, inter alia, on the relative financial circumstances of the parties and the relative merit of their positions" (*Ciociano v Ciociano*, 54 AD3d 797, 797 [2008]). The decision to award an attorney's fee lies in the discretion of the trial court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). Here, however, the Family Court exercised that discretion improvidently in denying the mother's motion for an attorney's fee in the sum of $43,680, after the father's petition for a downward modification in child support had been denied. Considering the disparity in the parties' incomes and the circumstances under which the mother incurred the subject fees, the Family Court should have awarded the mother a reasonable attorney's fee (*see O'Shea v O'Shea*, 93 NY2d 187, 193-194 [1999]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]). The matter need not be remitted for a hearing (*see DeJesus v DeJesus*, 264 AD2d 436 [1999]), and the mother should have been awarded an attorney's fee in the sum of $15,000 (*see Schiffer v Schiffer*, 55 AD3d 714, 716 [2008]). Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur.