■ JOHN GRAZIANO, Plaintiff, v COLLEEN GRAZIANO, Defendant. CHRISTOPHER J. CASSAR, Nonparty Appellant; REYNOLDS, CARONIA, GIANELLI, HAGNEY & LA PINTA & HARGRAVES, LLP, Nonparty Respondent. [886 NYS2d 616]—In an action for a divorce and ancillary relief, Christopher J. Cassar, the attorney for the plaintiff, appeals from a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered October 1, 2008, which, upon an order of the same court dated December 13, 2006, is in favor of the attorneys for the defendant, Reynolds, Caronia, Gianelli, Hagney & La Pinta & Hargraves, LLP, and against him in the principal sum of $2,500.

Ordered that on the Court's own motion, the notice of appeal dated October 30, 2008 is deemed to be a notice of appeal by the attorney for the plaintiff, Christopher J. Cassar (*see* CPLR 2001; *Matter of Tagliaferri v Weiler,* 1 NY3d 605 [2004]); and it is further,

Ordered that the appeal is dismissed, with costs.

As a general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]; *Blue Chip Mtge. Corp. v Strumpf,* 50 AD3d 936 [2008]; *S.K. Mtge. Holdings Ltd. Partnership v Subirats,* 28 AD3d 460 [2006]). The attorney for the plaintiff,

Christopher J. Cassar, previously appealed from an order dated December 13, 2006, which, inter alia, imposed sanctions against him in the principal sum of $2,500, payable to the defendant's counsel, but that appeal was dismissed by decision and order on motion of this Court dated November 5, 2007, for failure to prosecute (see 22 NYCRR 670.8 [e]). We decline to exercise our discretion to determine the merits of the instant appeal, which challenges a money judgment entered against Cassar in the principal sum of $2,500, payable to the defendant's counsel, as that issue could have been raised on the appeal from the order which was dismissed for lack of prosecution. Dillon, J.P., Florio, Belen and Roman, JJ., concur.