In the Matter of JEAN FLYNN SCALA, Respondent, v KENNETH J. WILKENS, Appellant. [893 NYS2d 269]—

The mother correctly asserts that a previous appeal by the father from the underlying order was dismissed by this Court for lack of prosecution. Ordinarily, the dismissal of that appeal would be ground for the dismissal of the instant appeal from the money judgment entered upon that order, since the dismissal constituted an adjudication of the merits of any issue which properly could have been raised on that prior appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945 [2009]; *Graziano v Graziano*, 66 AD3d 835 [2009]; *Catalano v City of New York*, 63 AD3d 979 [2009]). However, we exercise our discretion to review the issue raised by the father on this appeal (*see generally Neuburger v Sidoruk*, 60 AD3d 650 [2009]).

Contrary to the father's contention, the Supreme Court properly determined that he was obligated to pay one half of the college expenses of the parties' daughter. The parties' separation agreement, which was incorporated but not merged in their judgment of divorce, expressly required the father and the mother "to split equally any costs for college expenses" for their daughter, without any conditions or limitations (*see e.g. Goldberg v Baard*, 134 AD2d 566 [1987]). While the father

contends that his obligation to pay college expenses was not triggered because the mother failed to consult with him regarding their daughter's college plans (*see e.g. Matter of Beichman-Saul v Loglisci*, 40 AD3d 1085, 1086 [2007]; *Frydman v Frydman*, 32 AD3d 455, 456-457 [2006]; *Matter of Sebastiani v Locatelli*, 11 AD3d 701 [2004]; *Dierna v Dierna*, 11 AD3d 426 [2004]; *Matter of Levenson v Levenson*, 166 AD2d 592 [1990]), the consultation provision upon which the father relies is inapposite. Indeed, that provision appeared in a completely different section of the separation agreement governing visitation with the minor child, contained no requirement that the parties consent to the selection of a school for the child, and was inapplicable to the parties' shared obligation to pay the college expenses of their adult daughter. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.