In a matrimonial action in which the parties were divorced by judgment dated July 7, 2006, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 16, 2012, as granted her motion to modify the judgment of divorce to direct the defendant to contribute toward the subject child’s college expenses only to the extent of directing him to pay 20% of those expenses, up to an amount equivalent to that charged by SUNY Stony Brook.
Ordered that the order is affirmed insofar as appealed from, with costs.
*780 “Unlike the obligation to provide support for a child’s basic needs, ‘support for a child’s college education is not mandatory’ ” (Matter of Lynn v Kroenung, 97 AD3d 822, 823 [2012], quoting Cimons v Cimons, 53 AD3d 125, 127 [2008]). “Instead, absent a voluntary agreement, whether a parent is obligated to contribute to a child’s college education is ‘dependent upon the exercise of the court’s discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7)’ [Cimons v Cimons, 53 AD3d at 127], and an award will be made only ‘ “as justice requires” ’ ” (Matter of Lynn v Kroenung, 97 AD3d at 823, quoting Cimons v Cimons, 53 AD3d at 129, and Domestic Relations Law § 240 [1-b] [c] [7]; see Matter of Levison v Trinkle, 70 AD3d 827, 830 [2010]). “[A] court must give due regard to the circumstances of the case and the respective parties, as well as both the best interests of the child and the requirements of justice” (Powers v Wilson, 56 AD3d 642, 642-643 [2008]).
Under the circumstances of this case, the Supreme Court properly considered all of the relevant factors, and providently exercised its discretion in limiting the defendant’s contribution to the subject child’s college expenses to what it would be if the subject child attended SUNY Stony Brook. Additionally, the Supreme Court providently exercised its discretion in apportioning 20% of the subject child’s educational expenses to the defendant, and 80% to the plaintiff. In reaching its determination, the Supreme Court found the defendant’s testimony to be credible, and found the plaintiffs testimony lacking in credibility. The Supreme Court’s determination in this regard is entitled to great deference on appeal (see Montero v Montero, 85 AD3d 986, 987 [2011]; Lieberman v Lieberman, 21 AD3d 1004, 1005 [2005]; Wortman v Wortman, 11 AD3d 604, 606 [2004]), and there is no basis on this record to disturb its determinations.
The plaintiffs remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.