*818 In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Watson, J.), dated December 4, 2012, which, after a hearing, denied his petition to terminate his child support obligation on the ground of constructive emancipation.
Ordered that the order is affirmed, with costs.
The Family Court properly denied the father’s petition to terminate his child support obligation on the ground of constructive emancipation. It is fundamental public policy in New York that parents are responsible for their children’s support until age 21 (see Matter of Gansky v Gansky, 103 AD3d 894 [2013]; Schulman v Schulman, 101 AD3d 1098 [2012]; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856 [2011]). However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child’s mere reluctance to see a parent is not abandonment (see Matter of Grucci v Villanti, 108 AD3d 626 [2013]; Schulman v Schulman, 101 AD3d 1098 [2012]; Matter of Turnow v Stabile, 84 AD3d 1385 [2011]). Furthermore, where it is the parent who causes a breakdown in communication with the child, or has made no serious effort to contact the child and exercise his or her visitation rights, the child will not be deemed to have abandoned the parent (see Schulman v Schulman, 101 AD3d 1098 [2012]; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856 [2011]; Matter of Dewitt v Giampietro, 66 AD3d 773 [2009]). A breakdown may be caused by conduct such as malfeasance, misconduct, neglect, or abuse (see Matter of Wiegert v Wiegert, 267 AD2d 620 [1999]). A child’s justified refusal to continue a relationship due to such conduct by a parent will not be considered self-emancipation (see Labanowski v Labanowski, 49 AD3d 1051 [2008]). The burden of proof as to emancipation is on the party asserting it (see Schulman v Schulman, 101 AD3d 1098 [2012]; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856 [2011]; Matter of Turnow v Stabile, 84 AD3d 1385 [2011]).
Here, the father failed to satisfy his burden of showing that the subject child had actively abandoned him, such that the child had forfeited any entitlement to support. The record demonstrates that it was the father who caused the breakdown in communication with the child, through his misconduct toward the mother and the child, and that the child justifiably refused to continue the relationship. Accordingly, the Family Court properly denied the father’s petition to terminate his child support obligation on the ground of constructive emancipation. Skelos, J.E, Dickerson, Cohen and Hinds-Radix, JJ., concur.