In the Matter of CAROLANN DAVIDSON, Respondent, v THOMAS FRANCIS MCLOUGHLIN, Appellant. (Proceeding No. 1.) In the Matter of THOMAS F. MCLOUGHLIN, Appellant, v CAROL-ANN DAVIDSON, Respondent. (Proceeding Nos. 2, 3, 4.) [9 NYS3d 629]—

Appeal from an amended order of the Family Court, Orange County (Andrew P. Bivona, J.), dated July 15, 2014. The amended order, insofar as appealed from, denied the father's objections to stated portions of an order of that court (Christine Patneaude Krahulik, S.M.), dated April 7, 2014, which, inter alia, after a hearing, directed the mother to pay the father child support in the monthly sum of only $37.20, retroactive to

November 26, 2013, and directed the father to pay the mother child support arrears in the sum of $17,459.71. The notice of appeal from an order dated June 27, 2014, is deemed to be a notice of appeal from the amended order dated July 15, 2014 (*see* CPLR 5512 [a]).

Ordered that the amended order dated July 15, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly declined to impute to the mother any percentage of the income earned by her live-in boyfriend (*see Heller v Heller*, 43 AD3d 999, 1001 [2007]; *Matter of McGrath v Parker*, 41 AD3d 852 [2007]; *Matter of Weber v Coffey*, 230 AD2d 865 [1996]).

Contrary to the father's contention, the Family Court properly determined that he was obligated to pay his proportionate share of the college expenses for the parties' oldest child. The parties' amended judgment of divorce expressly provided that the father was obligated to pay 65% of the cost of the children's college education, up to the so-called "SUNY cap," without any conditions or limitations (*see Matter of Scala v Wilkens*, 69 AD3d 948, 948-949 [2010]). While the father contends that his obligation to pay college expenses was not triggered because the mother failed to consult with him regarding the child's college plans, his reliance upon a certain provision in a stipulation relating to custody and visitation, dated July 20, 2005, is unavailing. That provision contained no requirement that the parties consent to the selection of a school for the children, and it did not pertain to the parties' shared obligation to pay the college expenses of their children (*see id.* at 948-949).

The Family Court also properly awarded child support to the father for the parties' youngest child retroactive to November 26, 2013, the date he filed his petition for child support, rather than to December 24, 2012, when he filed a separate petition seeking to modify his child support obligations. In his modification petition, the father did not seek an award of child support from the mother (*see Mosso v Mosso*, 84 AD3d 757, 759 [2011]; *Higgins v Higgins*, 50 AD3d 852, 854 [2008]; *cf. Beach v Beach*, 158 AD2d 848 [1990]).

The father's remaining contentions are without merit. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.