▆ Lynn M. Fiore, Now Known as Lynn M. Brochhagen, Appellant, v Anthony Fiore, Respondent. [56 NYS3d 194]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 19, 2015, and (2) an order of that court entered August 10, 2015. The order entered February 19, 2015, insofar as appealed from, denied those branches of the plaintiff's motion which were for upward modification of basic child support, reimbursement of summer camp expenses, and an award of an attorney's fee, and granted that branch of her motion which was for contribution toward the child's college expenses only to the extent of directing that the defendant pay $5,000 per semester toward the child's college tuition. The order entered August 10, 2015, insofar as appealed from, upon renewal and reargument, in effect, adhered to the original determination in the order entered February 19, 2015.

Ordered that the appeal from the order entered February 19, 2015, is dismissed, as that order, insofar as appealed from, was

superseded by the order entered August 10, 2015, made upon renewal and reargument; and it is further,

Ordered that the order entered August 10, 2015, is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof which, upon renewal and reargument, adhered to the determination in the order entered February 19, 2015, denying that branch of the plaintiff's motion which was for reimbursement of summer camp expenses, and substituting therefor a provision, upon renewal and reargument, vacating that determination in the order entered February 19, 2015, and thereupon granting that branch of the plaintiff's motion which was for reimbursement of summer camp expenses, (2) by deleting the provision thereof which, upon renewal and reargument, adhered to the determination in the order entered February 19, 2015, granting that branch of the plaintiff's motion which was for contribution toward the child's college expenses only to the extent of directing that the defendant pay $5,000 per semester toward the child's college tuition, and substituting therefor a provision, upon renewal and reargument, vacating that determination in the order entered February 19, 2015, and directing that the defendant pay 50% of the child's total college tuition and expenses, with a credit against his basic child support obligation for payments made towards room and board, and (3) by deleting the provision thereof which, upon renewal and reargument, adhered to the determination in the order entered February 19, 2015, denying that branch of the plaintiff's motion which was for an award of an attorney's fee, and substituting therefor a provision, upon renewal and reargument, vacating that determination in the order entered February 19, 2015, and granting the branch of the plaintiff's motion which was for an award of an attorney's fee; as so modified, the order entered August 10, 2015, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, including a determination of the amount of the award of an attorney's fee; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married on October 7, 1990, and have one child. On August 24, 1999, the parties entered into a stipulation of settlement, and on April 21, 2000, they entered into a supplemental stipulation of settlement. Both the stipulation and the supplemental stipulation were incorporated but not merged into the parties' judgment of divorce dated August 7, 2000. Pursuant to the stipulation and the supplemental stipulation, the parties agreed, inter alia, that the defendant would

pay to the plaintiff the sum of $12,289 annually for basic child support, that they would each pay their pro rata share of unreimbursed medical expenses, and that the defendant would pay 58% of the cost of day care.

By order to show cause dated July 30, 2014, the plaintiff moved for upward modification of basic child support, a judgment for medical and child care expenses, contribution toward the child's college expenses, and for an award of an attorney's fee. The Supreme Court denied that branch of the plaintiff's motion which was for upward modification of basic child support, denied reimbursement for summer camp expenses, limited the defendant's obligation to pay college expenses to $5,000 per semester, and denied that branch of the plaintiff's motion which was for an award of an attorney's fee.

A parent has an obligation to provide support for his or her child's basic needs. However, support for a child's college education is not mandatory (*see Silverstein v Silverstein*, 107 AD3d 779, 780 [2013]; *Cimons v Cimons*, 53 AD3d 125, 127 [2008]). Absent a voluntary agreement, a parent may be required to provide support for his or her child's attendance at college, but the determination of that obligation is dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7) (*see Silverstein v Silverstein*, 107 AD3d at 780; *Cimons v Cimons*, 53 AD3d at 127). Such costs may be awarded based upon "the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires" (Domestic Relations Law § 240 [1-b] [c] [7]; *see Castello v Castello*, 144 AD3d 723, 728 [2016]).

Here, the Supreme Court improvidently exercised its discretion in directing that the defendant pay only $5,000 per semester toward the child's college tuition. The circumstances of this case, including the circumstances of the parties, the best interests of the child, and the requirements of justice, warranted an order directing that the defendant pay 50% of the child's total college tuition and expenses, with a credit against his basic child support obligation for payments made towards room and board (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Niewiadomski v Jacoby*, 61 AD3d 871, 872 [2009]; *see also Walker v Walker*, 130 AD3d 805, 806-807 [2015]; *Kim v Schiller*, 112 AD3d 671, 676 [2013]).

The child's summer camp expenses constituted the functional equivalent of day care expenses covered by the parties' supplemental stipulation of settlement (*see Micciche v Micciche*, 62 AD3d 673, 673 [2009]; *Matter of Maiolica v Maiolica*,

30 AD3d 603, 603 [2006]; *Sieratzki v Sieratzki*, 8 AD3d 552 [2004]). The defendant's claim that his obligation to pay his share of the child's summer camp expenses was not triggered because he did not explicitly consent to the summer camp chosen by the plaintiff for 11 consecutive summers was without merit (*see Matter of Davidson v McLoughlin*, 128 AD3d 960, 961 [2015]; *Matter of Scala v Wilkens*, 69 AD3d 948, 948-949 [2010]).

The Supreme Court properly denied that branch of the plaintiff's motion which sought upward modification of the defendant's basic child support obligation. Both the stipulation of settlement and supplemental stipulation of settlement were entered into prior to the effective date of the 2010 amendments to Domestic Relations Law § 236 (B) (9) (b) (2). Therefore, in order to establish her entitlement to an upward modification of the defendant's child support obligation, the plaintiff had the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need, or that the stipulation of settlement and the supplemental stipulation of settlement were not fair and equitable when entered into (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Kandus v Forlenza*, 132 AD3d 815, 815 [2015]; *Reese v Reese*, 112 AD3d 602, 602-603 [2013]). However, the plaintiff failed to demonstrate that there was a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need or that the stipulation and supplemental stipulation were unfair or inequitable when entered into.

However, under the circumstances presented, the Supreme Court improvidently denied that branch of the plaintiff's motion which was for an award of an attorney's fee (*see* Domestic Relations Law §§ 237 [b]; 238; *Matter of Silverstein v Silverstein*, 60 AD3d 1073, 1074 [2009]; *D'Anna v D'Anna*, 17 AD3d 400, 402 [2005]; *see also Castello v Castello*, 144 AD3d 729, 731 [2016]). The matter must be remitted to the Supreme Court, Nassau County, for a determination of the amount of the award of an attorney's fee.

The defendant's remaining contentions are without merit. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.