■ In the Matter of CHRISTOPHER BASILE, Appellant, v SHERRY WIGGS, Respondent. [64 NYS3d 600]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated September 20, 2016. The order denied the father's objections to an order of that court

(Allen Hochberg, S.M.) dated March 21, 2016, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.

Ordered that the order dated September 20, 2016, is affirmed, without costs or disbursements.

The father and the mother were married and had one child who was born in August 1998. The parties separated and entered into a stipulation of settlement dated April 26, 2006, which provided that the father was to pay $2,150 per month in child support. The parties were divorced by judgment dated June 19, 2007, which incorporated but did not merge with the stipulation of settlement. In October 2014, the father moved for a downward modification of his child support obligation based upon, inter alia, constructive emancipation. A hearing was held before a Support Magistrate and, in an order dated March 21, 2016, the Support Magistrate dismissed the petition. The father filed objections and, in an order dated September 20, 2016, the Family Court denied the objections. The father appeals.

"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Jurgielewicz v Johnston*, 114 AD3d 945, 945 [2014] [internal quotation marks omitted]; *see* Family Ct Act § 413; *Matter of Barlow v Barlow*, 112 AD3d 817 [2013]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment" (*Matter of Barlow v Barlow*, 112 AD3d at 818; *see Matter of Grucci v Villanti*, 108 AD3d 626, 626-627 [2013]; *Schulman v Schulman*, 101 AD3d 1098, 1099 [2012]). " '[W]here it is the parent who causes a breakdown in communication with his [or her] child, or has made no serious effort to contact the child and exercise his [or her] visitation rights, the child will not be deemed to have abandoned the parent' " (*Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011], quoting *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *see Matter of Barlow v Barlow*, 112 AD3d 817 [2013]; *Schulman v Schulman*, 101 AD3d at 1099). Such a breakdown in communication between a parent and a child may result from the parent's "malfeasance, misconduct, neglect, or abuse" (*Matter of Barlow v Barlow*, 112 AD3d at 818, citing *Matter of Wiegert v Wiegert*, 267 AD2d 620 [1999]). Where a child justifiably refuses to continue a relationship with a parent due to such parental

conduct, the child will not be deemed to be self-emancipated (*see Matter of Barlow v Barlow*, 112 AD3d 817 [2013]; *Labanowski v Labanowski*, 49 AD3d 1051 [2008]). "The burden of proof as to emancipation is on the party asserting it" (*Schneider v Schneider*, 116 AD2d 714, 715 [1986]; *see Matter of Barlow v Barlow*, 112 AD3d 817 [2013]; *Schulman v Schulman*, 101 AD3d at 1099; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d at 857).

Here, the Family Court correctly determined that the father failed to meet his burden of demonstrating that the child was constructively emancipated. The father did not show that a substantial change had taken place in his relationship with the child. The evidence presented at a hearing did not establish that the father consistently made a serious effort to maintain a relationship with the child during the relevant time period. Furthermore, he failed to show that his behavior was not a primary cause of the deterioration in his relationship with the child.

The father's remaining contentions are without merit.

Accordingly, the Family Court properly denied the father's objections to the order dismissing his petition for a downward modification of his child support obligation. Hall, J.P., Hinds-Radix, Maltese and Iannacci, JJ., concur.