Matter of Shisgal v Abels (2020 NY Slip Op 00596)





Matter of Shisgal v Abels


2020 NY Slip Op 00596


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-05520
 (Docket Nos. F-1559-13/14B/17D, V-03390-07/16J-L, V-03392-07/16J-L, V-03684-07/16J-L, V-03686-07/16J-L)

[*1]In the Matter of Barry Shisgal, appellant,
v
Chana Abels, respondent.


Barry Shisgal, Monsey, NY, appellant pro se.
Salvatore C. Adamo, New York, NY, for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child Shira S.
Karen M. Jansen, White Plains, NY, attorney for the child Tammy S.



DECISION & ORDER
In related proceedings pursuant to Family Court act articles 4 and 6, the father appeals from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered March 30, 2018. The order, insofar as appealed from, after a hearing, denied the father's petitions to modify a prior so-ordered stipulation so as to award him custody of the children Shira S. and Tammy S., and for downward modification of his child support obligation on the ground of constructive emancipation.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of the need for recusal, and the decision is a matter of discretion and personal conscience (see People v Moreno, 70 NY2d 403, 405; Matter of O'Donnell v Goldenberg, 68 AD3d 1000). Here, the father failed to set forth any demonstrable proof of bias or prejudgment of the matter to warrant the conclusion that the Family Court's denial of his motion to recuse was an improvident exercise of discretion (see Matter of O'Donnell v Goldenberg, 68 AD3d at 1000; Impastato v Impastato, 62 AD3d 752).
An order of custody or parental access may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67, 76; Matter of Gansburg v Behrman, 167 AD3d 882, 883; Matter of Bacchus v McGregor, 147 AD3d 1049, 1050). "The court must determine whether the totality of the circumstances justifies modification" (Matter of Snowden v Snowden, 162 AD3d 675, 676; see Eschbach v Eschbach, 56 NY2d 167, 172). "The factors to be considered include whether the alleged change in circumstances suggests that one of [*2]the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Dokmeci v Herbert, 167 AD3d 877, 878, quoting Matter of Connolly v Walsh, 126 AD3d 691, 693). "[T]he court must also consider the stability and continuity afforded by maintaining the present arrangement'" (Matter of Dokmeci v Herbert, 167 AD3d at 878, quoting Matter of McDonough v McDonough, 73 AD3d 1067, 1068). Since a custody and parental access determination "necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings in this regard, and its findings will not be disturbed unless lacking a sound and substantial basis in the record" (Matter of Dokmeci v Herbert, 167 AD3d at 878; see Matter of Estrada v Palacios, 148 AD3d 804).
Here, contrary to the father's contention, the Family Court's determination to deny his petition to modify a prior so-ordered stipulation so as to award him custody of the children Shira S. and Tammy S. is supported by a sound and substantial basis in the record. The mother has been the children's custodial parent for all of their lives, and the father failed to present sufficient evidence that she is unfit to continue as the custodial parent or that she engaged in parental alienation to warrant a change of custody.
We agree with the Family Court's determination to deny the father's petitions for downward modification of his child support obligation. "It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (Matter of Jurgielewicz v Johnston, 114 AD3d 945, 945 [internal quotation marks omitted]; see Family Ct Act § 413; Matter of Barlow v Barlow, 112 AD3d 817, 818; Matter of Gold v Fisher, 59 AD3d 443, 444). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and [parental access] may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment" (Matter of Barlow v Barlow, 112 AD3d at 818; see Matter of Grucci v Villanti, 108 AD3d 626, 626-627; Schulman v Schulman, 101 AD3d 1098, 1099). Where it is the parent who causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her parental access rights, the child will not be deemed to have abandoned the parent (see Matter of Barlow v Barlow, 112 AD3d at 818; Schulman v Schulman, 101 AD3d at 1099; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 857; Matter of Alice C. v Bernard G.C., 193 AD2d 97, 109). Such a breakdown in communication between a parent and a child may result from the parent's "malfeasance, misconduct, neglect, or abuse" (Matter of Barlow v Barlow, 112 AD3d at 818, citing Matter of Wiegert v Wiegert, 267 AD2d 620). Where a child justifiably refuses to continue a relationship with a parent due to such parental conduct, the child will not be deemed to be self-emancipated (see Matter of Barlow v Barlow, 112 AD3d at 818; Labanowski v Labanowski, 49 AD3d 1051). "The burden of proof as to emancipation is on the party asserting it" (Schneider v Schneider, 116 AD2d 714, 715; see Matter of Barlow v Barlow, 112 AD3d at 818; Schulman v Schulman, 101 AD3d at 1099; Matter of Glen L.S. v Deborah A.S., 89 AD3d at 857).
We agree with the Family Court's determination that the father failed to meet his burden of demonstrating that the parties' three oldest children were constructively emancipated. The father failed to establish that his behavior was not a primary cause of the deterioration in his relationship with those children. Further, the father failed to demonstrate that a separate hearing was necessary to give him another opportunity to present evidence of constructive emancipation to the court.
The father's remaining contention is not properly before this Court.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court