Matter of Timothy M.M. v Doreen R. (2020 NY Slip Op 06886)





Matter of Timothy M.M. v Doreen R.


2020 NY Slip Op 06886


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


648 CAF 19-01969

[*1]IN THE MATTER OF TIMOTHY M.M., PETITIONER-APPELLANT,
v
DOREEN R., RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






MARK A. WOLBER, UTICA, FOR PETITIONER-APPELLANT.
MICHAEL G. PUTTER, ROME, FOR RESPONDENT-RESPONDENT.
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILD.


 Appeal from an amended order of the Family Court, Oneida County (James R. Griffith, J.), entered September 13, 2019 in a proceeding pursuant to Family Court Act article 4. The amended order, among other things, denied petitioner's motion for summary judgment and granted that part of respondent's motion seeking summary judgment dismissing the petition. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying respondent's motion in its entirety and reinstating the petition and as modified the amended order is affirmed without costs and the matter is remitted to Family Court, Oneida County, for further proceedings on the petition.
Memorandum: Petitioner father and respondent mother were married in 1991 and have four children together, two of whom are the subject children. The mother also has three other children from a prior relationship. Before the two subject children were born, the father had an inappropriate sexual relationship with one of his stepdaughters. The parties nonetheless remained married until 2009, when they were divorced. Following the divorce, the mother and the stepdaughter reported the sexual abuse committed by the father to child protective services, which led to the filing of an abuse petition in Family Court. In 2010, the father was granted an adjournment in contemplation of dismissal with respect to the abuse petition upon the condition that he, inter alia, participate in supervised visitation with the subject children. During the next year, although the subject children continued to visit the father, they started to withdraw from him. Ultimately, they ceased visiting him altogether. In 2016, the father filed a petition seeking an order requiring the mother to facilitate his visitation with the subject children. The court, inter alia, granted the father visitation with the subject children "as he and [the mother] agree" but, despite the order, no such visitation occurred during the next three years.
In February 2019, the father commenced this proceeding pursuant to Family Court Act article 4 seeking to terminate his child support obligation with respect to the subject children on the ground that they had constructively emancipated themselves. Thereafter, the father moved for summary judgment on the petition, and the mother moved for, inter alia, summary judgment dismissing the petition. The father now appeals from an amended order that, inter alia, denied his motion and granted that part of the mother's motion seeking summary judgment dismissing the petition.
"[U]nder the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support" (Matter of Oneida County Dept. of Social Servs. v Christman, 125 AD3d 1409, 1410 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Saunders v Aiello, [*2]59 AD3d 1090, 1091 [4th Dept 2009]; see generally Matter of Roe v Doe, 29 NY2d 188, 193 [1971]).
Even assuming, arguendo, that the subject children were both of employable age (see Matter of Jones v Jones, 160 AD3d 1428, 1429 [4th Dept 2018]; Matter of Jurgielewicz v Johnston, 114 AD3d 945, 946 [2d Dept 2014]; see generally Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413 at 87 [2008 ed]), we conclude that the father did not meet his initial burden on his motion of establishing that their refusal to visit with him was unjustified (see Matter of Wiegert v Wiegert, 267 AD2d 620, 621 [3d Dept 1999]; see also Christman, 125 AD3d at 1410). Inasmuch as the father's own submissions suggest that the subject children did not want to visit him due to their purported knowledge of the sex abuse allegations, his submissions failed to eliminate all material issues of fact (see generally Wiegert, 267 AD2d at 621). Indeed, the father failed to establish that his behavior "was not a primary cause of the deterioration in his relationship with [the subject] children" (Matter of Shisgal v Abels, 179 AD3d 1070, 1072 [2d Dept 2020]). Thus, we conclude that the court properly denied his motion.
We also conclude that the court should not have granted that part of the mother's motion seeking summary judgment dismissing the petition. The court erred in relying on the unsworn letters from the subject children's psychologist because they were not in admissible form (see Matter of Kenneth J. v Lesley B., 165 AD3d 439, 440 [1st Dept 2018]; LaBeef v Baitsell, 104 AD3d 1191, 1192 [4th Dept 2013]). Without the letters from the children's psychologist, we conclude that the mother failed to meet her initial burden on her motion of establishing that the children were justified in abandoning the father by refusing to attend visitation. Like the father, the mother did not submit any admissible evidence establishing the reasons for the children's decision not to visit the father. We therefore modify the amended order accordingly.
Finally, because the mother did not cross-appeal from that part of the amended order implicitly denying her request for counsel fees, costs, and disbursements (see generally Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]), her contention that she is entitled to such relief is not properly before us on appeal (see Mal-Bon, LLC v Smith, 163 AD3d 1415, 1415 [4th Dept 2018]; Matter of Treyvone C. [Shameel P.], 115 AD3d 1246, 1247 [4th Dept 2014], lv denied 23 NY3d 907 [2014]; see generally Hecht v City of New York, 60 NY2d 57, 60 [1983]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court