Rafferty v Rafferty (2021 NY Slip Op 05999)





Rafferty v Rafferty


2021 NY Slip Op 05999


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2017-10461
 (Index No. 26001/98)

[*1]James J. Rafferty, respondent-appellant,
v
Jennifer Rafferty, appellant-respondent.


Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri, Joseph Covello, and Sophia Arzoumanidis of counsel), for appellant-respondent.
Heilig, Branigan, Miller & Castrovinci, Holbrook, NY (Michael J. Miller of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated November 10, 1999, the defendant appeals, and the plaintiff cross-appeals, from stated portions of an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated August 16, 2017. The order, insofar as appealed from, after a hearing, inter alia, denied those branches of the defendant's motion which were for an award of child support retroactive to the date of the parties' stipulation of settlement and for an order directing the plaintiff to pay his pro rata share of the college expenses of the parties' child. The order, insofar as cross-appealed from, after a hearing, inter alia, denied that branch of the plaintiff's cross motion which was for an order deeming the parties' child constructively emancipated and directed the plaintiff to pay the defendant the sum of $575.38 per week in child support and the sum of $28,193.62 in retroactive child support.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 1998 and share one child together. In November 1999, the parties were divorced by a judgment of divorce, which incorporated, but did not merge, a stipulation of settlement entered into by the parties in October 1999. In September 2016, the defendant moved, inter alia, for an order declaring the child support provision of the stipulation of settlement void ab initio and for an award of child support. The plaintiff opposed the motion and cross-moved, inter alia, for an order deeming the child constructively emancipated.
In an order dated January 23, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for an order declaring the child support provision of the stipulation of settlement void ab initio on the ground that the provision did not contain the language required by the Child Support Standards Act. Thereafter, in an order dated August 16, 2017 (hereinafter the August 2017 order), after a hearing, the court, among other things, denied that branch of the plaintiff's cross motion which was for an order deeming the child constructively emancipated. The court also directed the plaintiff to pay the defendant the sum of $575.38 per week in child support, the sum of $28,193.62, representing child support retroactive to September 13, 2016, the [*2]date the defendant's motion was filed (hereinafter the motion date), and 88% of the child's unreimbursed medical expenses retroactive to the motion date. In addition, the court directed the plaintiff to pay 50% of the child's college tuition, subject to a room and board credit against his basic child support obligation, 50% of the costs of certain college-related transportation, and ancillary costs up to $2,000 per academic year. The defendant appeals and the plaintiff cross-appeals from the August 2017 order.
Contrary to the defendant's contention, the Supreme Court properly awarded retroactive child support and unreimbursed medical expenses only to the motion date rather than the date of the parties' stipulation of settlement (see Luisi v Luisi, 6 AD3d 398, 401; see e.g. Martelloni v Martelloni, 186 AD3d 1660, 1662).
Similarly, with respect to the college expenses of the parties' child, the defendant has not demonstrated that the Supreme Court improvidently exercised its discretion in evenly apportioning college expenses between the parties (see e.g. Fiore v Fiore, 150 AD3d 1205, 1207) or in limiting the plaintiff's obligation for college-related transportation costs and ancillary fees (see e.g. Castello v Castello, 144 AD3d 723, 728). "Payment[ ] for a child's college education is not mandatory, and absent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240[1-b][c][7]" (Morille-Hinds v Hinds, 169 AD3d 896, 900 [internal quotation marks omitted]; see Matter of Lynn v Kroenung, 97 AD3d 822, 823). "[U]nlike the obligation for unreimbursed medical expenses, educational expenses are not necessarily prorated in the same percentage as each parent's income bears to the combined parental income" (Castello v Castello, 144 AD3d at 728).
Likewise, the Supreme Court providently exercised its discretion in determining that the plaintiff was entitled to a room and board credit against his basic child support obligation during the periods when the child is in school (see e.g. Fiore v Fiore, 150 AD3d at 1207; Matter of Lynn v Kroenung, 97 AD3d at 823). Further, the defendant failed to sufficiently establish an entitlement to retroactive college expenses (see e.g. Morille-Hinds v Hinds, 169 AD3d at 900).
The defendant's remaining contentions are without merit.
With respect to the plaintiff's cross appeal, the Supreme Court properly found that the plaintiff did not show that the child had actively abandoned him such that she had forfeited her entitlement to support (see Matter of Shisgal v Abels, 179 AD3d 1070, 1072; Matter of Barlow v Barlow, 112 AD3d 817, 818). The record supports the court's determination that the child's refusal to continue a relationship with the plaintiff was a result of his mistreatment of her (see Matter of Barlow v Barlow, 112 AD3d at 818), and that the plaintiff failed to show that his behavior was not a primary cause of the child's decision to cease communicating with him (see Matter of Shisgal v Abels, 179 AD3d at 1072). Moreover, the plaintiff did not show that he made a serious effort to contact the child after her eighteenth birthday (see e.g. Matter of Basile v Wiggs, 156 AD3d 619, 621). Accordingly, the court properly denied that branch of the plaintiff's cross motion which was to deem the child constructively emancipated.
The record also supports the Supreme Court's imputation of income to the defendant in the amount of $40,000. The trial court is "in the best position to assess the credibility of the witnesses" (Matter of Saladino v Saladino, 115 AD3d 867, 868 [internal quotation marks omitted]) and is "afforded considerable discretion in determining whether to impute income to a parent" (Filippazzo v Filippazzo, 121 AD3d 835, 836 [internal quotation marks omitted]). Here, the record supports the court's determination of the parties' pro rata shares of the basic child support obligation (see e.g. Strohli v Strohli, 174 AD3d 938, 942-943; Matter of Saladino v Saladino, 115 AD3d at 868). The court imputed income to the defendant in the amount of $40,000 based on her age, educational background, health, employment history, and future earning capacity (see Strohli v Strohli, 174 AD3d at 942). The defendant, whom the court found to be credible, testified that her highest level of education is a high school diploma, and that she had essentially no assets and had [*3]not worked since 2003 when she earned between $15,000 and $20,000 annually. The plaintiff did not submit a statement of net worth and instead submitted his 2016 federal tax return, which indicated that he earned $204,356 that year. The plaintiff testified about his assets, which included a home and two cars, and his monthly expenses. The plaintiff testified that he is current on all of his bills, including his mortgage, and is able to afford multiple family vacations per year.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court