Matter of Kenneth H. v Dawn P. (2023 NY Slip Op 01191)

Matter of Kenneth H. v Dawn P.

2023 NY Slip Op 01191

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07198 
2021-07989
 (Docket No. F-19805-07/20F)

[*1]In the Matter of Kenneth H. (Anonymous), respondent,
v
Dawn P. (Anonymous), respondent-appellant; Kevin H. (Anonymous), nonparty-appellant.

Glenn Gucciardo, Northport, NY, attorney for the children, the nonparty-appellant and the child Phoebe H.
Thomas Butler, Melville, NY, for respondent-appellant.
Salvatore C. Adamo, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, nonparty Kevin H. appeals from (1) an order of the Family Court, Suffolk County (James F. Quinn, J.), dated September 2, 2021, and (2) an amended order of the same court dated October 4, 2021, and the mother separately appeals from the amended order. The order and the amended order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to terminate his child support obligation for nonparty Kevin H.
ORDERED that on the Court's own motion, the mother's notice of appeal from the order is deemed to be a premature notice of appeal from the amended order (see CPLR 5520[c]); and it is further,
ORDERED that the appeal by nonparty Kevin H. from the order is dismissed, without costs or disbursements, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the father's petition which was to terminate his child support obligation for nonparty Kevin H. is denied, and the order is modified accordingly.
The father and the mother, who divorced in 2006, are the parents of two children, Kevin H. (hereinafter the older child), born in 2003, and Phoebe H., born in 2004. The last time the father spoke with the children was in September 2018. Thereafter, the father filed several petitions seeking various forms of relief, including a petition to terminate his child support obligation for both children. In an amended order dated October 4, 2021, the Family Court, following a hearing, inter alia, granted that branch of the father's petition which was to terminate his child support obligation for the older child. The older child appeals, and the mother separately appeals.
"It is fundamental public policy in New York that parents are responsible for their [*2]children's support until age 21" (Matter of Shisgal v Abels, 179 AD3d 1070, 1072 [internal quotation marks omitted]; see Family Ct Act § 413; Mitarotonda v Mitarotonda, 171 AD3d 1040, 1040). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and [parental access] may forfeit any entitlement to support" (Matter of Shisgal v Abels, 179 AD3d at 1072 [internal quotation marks omitted]; see Mitarotonda v Mitarotonda, 171 AD3d at 1040). "A child's mere reluctance to see a parent is not abandonment" and "[w]here it is the parent who causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her parental access rights, the child will not be deemed to have abandoned the parent" (Matter of Shisgal v Abels, 179 AD3d at 1072 [internal quotation marks omitted]; see Mitarotonda v Mitarotonda, 171 AD3d at 1040; Matter of Barlow v Barlow, 112 AD3d 817, 818). "The burden of proof as to emancipation is on the party asserting it" (Matter of Shisgal v Abels, 179 AD3d at 1072 [internal quotation marks omitted]; see Matter of Barlow v Barlow, 112 AD3d at 818).
Here, contrary to the father's contention, he did not establish that the older child actively abandoned the father without justification. The evidence adduced at the hearing demonstrated that the father's conduct was a primary cause of the breakdown in the relationship between him and the older child.
Since the father failed to satisfy his burden of proving constructive emancipation, the Family Court should have denied that branch of the father's petition which was to terminate his child support obligation for the older child.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court