Matter of Rosenkrantz v Rosenkrantz (2023 NY Slip Op 05609)

Matter of Rosenkrantz v Rosenkrantz

2023 NY Slip Op 05609

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-08914
 (Docket No. F-26975-15/16A)

[*1]In the Matter of Alexander Rosenkrantz, respondent,
v
Julia Rosenkrantz, appellant.

Roven Law Group, P.C., New York, NY (Janice G. Roven of counsel), for appellant.
Lawrence P. LaBrew, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Caroline P. Cohen, J.), dated October 12, 2022. The order, after a hearing, granted the father's petition to terminate his child support obligation on the ground of constructive emancipation.
ORDERED that the order is reversed, on the law and the facts, with costs, and the father's petition to terminate his child support obligation on the ground of constructive emancipation is denied.
The father and the mother, who divorced in 2001, are the parents of one child, born in 1997. The last time the father and the child communicated with each other was in the summer of 2015. Thereafter, the father filed a petition to terminate his child support obligation on the ground of constructive emancipation. In an order dated October 12, 2022, the Family Court, following a hearing, granted the father's petition. The mother appeals.
"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (Matter of Kenneth H. v Dawn P., 214 AD3d 731, 732 [internal quotation marks omitted]; see Family Ct Act § 413; Matter of Shisgal v Abels, 179 AD3d 1070, 1072). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and [parental access] may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment" (Matter of Shisgal v Abels, 179 AD3d at 1072 [internal quotation marks omitted]; see Matter of Roe v Doe, 29 NY2d 188, 192-193; Mitarotonda v Mitarotonda, 171 AD3d 1040, 1040). "[W]here it is the parent who causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her parental access rights, the child will not be deemed to have abandoned the parent" (Matter of Kenneth H. v Dawn P., 214 AD3d at 732 [internal quotation marks omitted]; see Matter of Barlow v Barlow, 112 AD3d 817, 818). "The burden of proof as to emancipation is on the party asserting it" (Matter of Kenneth H. v Dawn P., 214 AD3d at 732 [internal quotation marks omitted]; see Matter of Shisgal v Abels, 179 AD3d at 1072).
Here, contrary to the father's contention, the evidence adduced at the hearing failed to demonstrate that he made serious efforts to maintain a relationship with the child during the [*2]relevant time period, or that the child actively abandoned her relationship with him (see Matter of Basile v Wiggs, 156 AD3d 619, 621; Matter of Gansky v Gansky, 103 AD3d 894, 896; Radin v Radin, 209 AD2d 396, 396). Since the father failed to satisfy his burden of proving constructive emancipation, the Family Court should have denied the father's petition.
The father's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court