Matter of Langenhahn v Langenhahn (2025 NY Slip Op 04570)

Matter of Langenhahn v Langenhahn

2025 NY Slip Op 04570

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-05473
 (Docket Nos. F-5762-22/23B, F-5762-22/23C)

[*1]In the Matter of Loren Langenhahn, appellant,
v
Richard Langenhahn, respondent.

Montefusco Law Group, Hauppauge, NY (Robert H. Montefusco of counsel), for appellant.
Wand & Goody, LLP, Commack, NY (Jennifer H. Goody of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated June 6, 2024. The order denied the mother's objections to an order of the same court (Jennifer Ann Mendelsohn, S.M.) dated February 26, 2024, which, after a hearing, inter alia, directed the mother to pay the sum of $1,720 per month in basic child support for the parties' two younger children.
ORDERED that the order dated June 6, 2024, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying the mother's objections to so much of the order dated February 26, 2024, as directed her to pay the sum of $1,720 per month in basic child support for the parties' two younger children, and substituting therefor a provision granting those objections to the extent of directing the mother to pay the sum of $815 per month in basic child support for the parties' two younger children and otherwise denying those objections; as so modified, the order dated June 6, 2024, is affirmed, without costs or disbursements, and the order dated February 26, 2024, is modified accordingly.
The parties, who are the parents of four children, were divorced by judgment of divorce entered March 17, 2021. The judgment of divorce incorporated, but did not merge, the parties' custody stipulation dated July 9, 2020, and stipulation of settlement dated October 20, 2020. The custody stipulation provided for joint legal custody of the children, with the father to have residential custody and the mother to have certain parental access. The stipulation of settlement provided, as relevant, that the father was to pay to the mother maintenance in the sum of $4,135.47 per month, reduced by the mother's child support obligation in the sum of $2,135.47 per month.
In 2022, the father filed a petition for an upward modification of the mother's child support obligation. The mother filed a petition to terminate her child support obligation or, in the alternative, for a downward modification of her child support obligation. Following a hearing, in an order dated February 26, 2024, the Support Magistrate, inter alia, directed the mother to pay the sum of $1,720 per month in basic child support for the two younger children. The mother filed objections to that order. In an order dated June 6, 2024, the Family Court denied the objections. The mother appeals.
"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (Matter of Gold v Fisher, 59 AD3d 443, 444; see Family Ct Act § 413; Matter of Jurgielewicz v Johnston, 114 AD3d 945, 945). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment" (Matter of Barlow v Barlow, 112 AD3d 817, 818; see Matter of Grucci v Villanti, 108 AD3d 626, 626-627). "'[W]here it is the parent who causes a breakdown in communication with his [or her] child, or has made no serious effort to contact the child and exercise his [or her parental access] rights, the child will not be deemed to have abandoned the parent'" (Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 857, quoting Matter of Alice C. v Bernard G.C., 193 AD2d 97, 109). "The burden of proof as to emancipation is on the party asserting it" (Schneider v Schneider, 116 AD2d 714, 715; see Matter of Barlow v Barlow, 112 AD3d at 818).
Here, although the record contained some evidence of the mother's efforts to communicate with the two younger children, the record also showed that the mother failed to arrange for therapy with those children and failed to take other steps to attempt to enforce her parental access rights as to those children. Under these circumstances, the mother failed to meet her burden of showing that the two younger children were constructively emancipated (see Matter of Rosenkrantz v Rosenkrantz, 221 AD3d 716, 717; Matter of Basile v Wiggs, 156 AD3d 619, 621; Matter of Gansky v Gansky, 103 AD3d 894, 896).
The mother likewise failed to show that her child support obligation should be terminated based on the purported alienation of the two younger children. Under some circumstances, "[c]hild support payments may be suspended where the custodial parent unjustifiably frustrates the noncustodial parent's right of reasonable access" (Matter of Dempsey v Arreglado, 95 AD3d 1388, 1389; see Matter of Rivera v Echavarria, 48 AD3d 578). Here, the mother failed to meet her burden of showing such interference by the custodial parent (see Matter of Fielder v Fielder, 189 AD3d 1231, 1233; Matter of Dempsey v Arreglado, 95 AD3d at 1390).
Contrary to the mother's contention, the Support Magistrate properly took into account the emancipation of the two older children in calculating the mother's child support obligation (see Family Ct Act § 413).
However, the Support Magistrate improvidently exercised its discretion in calculating the mother's child support obligation based on the parties' total combined income, including income above the statutory cap. Although the mother failed to raise this contention in her objections and raises it for the first time on appeal, under the circumstances of this case, we reach the issue in the interest of justice (see Matter of Berg v Berg, 166 AD3d 763, 765). "The Child Support Standards Act sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Butta v Realbuto, 214 AD3d 973, 974 [internal quotation marks omitted]; see Family Ct Act § 413). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). "'[T]he Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the statutory cap'" (Matter of Butta v Realbuto, 214 AD3d at 975, quoting Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084). In making such determination, the court should consider factors including the financial resources of both parents, the standard of living the child would have enjoyed had the household not been dissolved, non-monetary contributions of the parents, disparity in the parents' income, extraordinary expenses in parental access, and "[a]ny other factors the court determines are relevant" (Family Ct Act § 413[1][f]; see id. § 413[1][c][3]).
Here, in light of factors including, inter alia, the significant disparity between the parties' income and resources, we modify the Support Magistrate's order to the extent indicated herein to base the mother's child support obligation on the parties' total combined income up to the [*2]statutory cap (see Munsterman v Munsterman, 227 AD3d 1004, 1007; Matter of Goldstein v Lika, 226 AD3d 1016, 1018).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court